DocuSign Envelope ID: C84E35CC-02E0-4FDB-AFFA-751275380DCD

```
_____ FILED          _____ ENTERED
_____ LODGED         _____ RECEIVED

OCT 14 2021                             RE

                        AT SEATTLE
                  CLERK U.S. DISTRICT COURT
         BY     WESTERN DISTRICT OF WASHINGTON
                                        DEPUTY
```

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY ) COALTION UNITED, a Washington ) State Nonprofit Corporation; ARTHUR ) CODAY, JR.; THOMAS J. PRETTYMAN; ) DIANE DEJONG; RITA BEITZ; DIANA ) BARKER; ROY FULLER; MARY LOU ) BURNS; BOB KALDOR; JANE MACLIN; ) JAMES MACLIN; RANDY TENDERING; ) JOHN BEITZ; MELISSA ELLER; ) SUSAN MISCHEL; LISA CUMMINGS; ) AMBER FITHIAN; JAMIE RENNINGER; ) DIANE MACKAY; JEREMY JOHNSON; ) ANDREW MARRONE; KATIE PERASSO;) CARL WEDEKIND; ANNETTE ) BLANDINO; LUKE DETERMAN; ) TERRY O'CONNELL; WILLIAM COOK; ) JOSHUA A. DEJONG; KATIE ) SHEFFIELD; KAROL JONES; JAMES ) MISCHEL; GREG BURTON; BRENDA ) JEAN SMITH; BRENDON WILLIAM ) RUPPEL; KRISTY WELLES; LONNY ) BARTHOLOMEW; RUSSELL OSTLUND, ) ) Plaintiffs, ) ) v. ) ) GARTH FELL, Snohomish County ) Auditor; SNOHOMISH COUNTY, and ) DOES 1-30, inclusive, ) ) Defendants. ) | Case No. 2:21-cv-1354 RAJ<br><br>MOTION TO STRIKE NOTICE OF REMOVAL, OR ALTERNATIVELY, SEVER CLAIMS UNDER 28 U.S.C. §1441(c)(2) |

MOTION TO STRIKE NOTICE OF REMOVAL          1

DocuSign Envelope ID: C84E35CC-02E0-4FDB-AFFA-751275380DCD

*Pro Se* Plaintiff Washington Election Integrity Coalition United ("WEiCU"), without appearance, and with full reservation of rights, respectfully brings this Motion to Strike the Notice of Removal filed by Defendants in this action, or alternatively, Sever Causes of Action IV through XIII in the Complaint under 28 U.S.C. §1441(c)(2) for remand to Snohomish County Superior Court, Case No. Case No. 21-2-04302-31.

A. Defendants' Notice of Removal Is Defective

Defendants filed for removal under 28 U.S.C. §1441 without specifying which subsection of the statute is proper for removal. (Defendants' Notice of Removal, Page 2, ¶ 2.) Defendants' Notice of Removal is defective as vague and ambiguous, and should be stricken.

B. Defendants' Notice of Removal Obfuscates the Court's Mandatory Requirement to Sever State-Based Claims Under 28 U.S.C. §1441(c)

Defendants' Notice of Removal ignores 28 U.S.C. §1441(c) which addresses civil actions involving both federal law claims and state law claims, as is the case here:

(c) Joinder of Federal Law Claims and State Law Claims.

(1) If a civil action includes –
(A)    a claim arising under the Constitution, laws, or treaties of the United States . . . , and
(B)    a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed *if the action would be removable without the inclusion of the claim described in subparagraph (B).*
(2) Upon removal of the action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. . . .

(28 U.S.C. §1441(c) [emphasis added].)

Plaintiffs are a Washington State public interest nonprofit corporation and thirty-six Pierce County residents. The action was filed in Snohomish County Superior Court on September 16,

DocuSign Envelope ID: C84E35CC-02E0-4FDB-AFFA-751275380DCD

2021 seeking remedies under state law against their Auditor and County arising out of Snohomish County election irregularities and an apparent failure by Snohomish County officials to respond to a public records request.

Of the thirteen (13) causes of action in the Superior Court Complaint, ten (10) are brought under state law, namely, RCW Chapters 29A and 42.56; two (2) are mixed State Constitutional and US Constitutional causes of action, with one cause of action, for civil damages, brought under federal law.

Per 28 U.S.C. §1441(c)(1)(B), Plaintiffs' Superior Court Complaint contains ten (10) causes of action that are not within the original or supplemental jurisdiction of this Court, and as a result, the entire action may be removed only if the action would be removable without the inclusion of the ten (10) state-based claims.

In this instance, the action would not be removable without the inclusion of the ten (10) state-based claims because the state-based claims form the evidentiary and statutory support for the pendent federal related claims. In other words, if the first ten (10) causes of action (IV-XIII) in the Complaint) were removed from the Complaint, there would be no factual or evidentiary support for the federal claims. The mixed State Constitution (ART. I, § 1, § 2, § 3, § 12, §19, §29; ART. VI, §6) and US Constitution (First and 14th Amendment violations) causes of action (XIV-XV) in the Complaint) and the final claim for Civil Damages (XVI in the Complaint) stem purely from, and hinge upon, the findings and evidence obtained from election irregularities and the public records action of the first ten (10) state law causes of action.

Assuming, for purposes of argument only, that this Court finds the Notice of Removal adequate notice to Plaintiffs, Plaintiffs alternatively request that the Court sever causes of action

MOTION TO STRIKE NOTICE OF REMOVAL        3

IV through XIII, and remand the state law causes of action to Snohomish County Superior Court, as required under 28 U.S.C. §1441(c).

C.  28 U.S.C. §1441(c) Is Consistent with this Court's Limited Jurisdiction

It is axiomatic that federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal Courts are limited by Congress and by Article III of the Constitution in the subject matter of cases they may adjudicate. *Id.* State courts, in contrast, are not so limited. *See Tafflin v. Levitt*, 493 U.S. 455, 458-60 (1990).  State courts are not bound by the constraints of Article III. *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

As a result, a plaintiff may choose the court system in which they file suit – they are, as the old maxim declares, "master[s] of [their] case." (*See, e.g., Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1196 (9th Cir. 1988).)

Defendants' vague removal attempt appears to be an effort to put *pro se* plaintiffs at a disadvantage with a Federal Court that cannot grant them the relief requested, has no direct authority over County-level election irregularities, and has potentially little experience with compelling state law Public Records Actions.

D.  The Attempted Removal Accommodates An Intervention and Motion to Dismiss By Political Interests Seeking to Crush A Public Interest Action for Election Integrity

Almost contemporaneously with the filing of the Notice of Removal, the global law firm of Perkins Coie, representing a seemingly political action committee, the Democratic Central Committee ("Democratic Party PAC"), filed to intervene in this action (as a co-DEFENDANT).

The Democratic Party PAC went so far as to proactively and prematurely file with this Court a twenty-two (22) page Motion to Dismiss Plaintiffs' action, evidencing an intent of

MOTION TO STRIKE NOTICE OF REMOVAL        4

DocuSign Envelope ID: C84E35CC-02E0-4FDB-AFFA-751275380DCD

powerful political interests to bring the action to Federal Court to crush any attempt by Snohomish County residents to achieve election integrity in Snohomish County via the instant suit.

The ten (10) causes of action addressing election irregularities (RCW Chapter 29A) and the Public Records Action (RCW Chapter 42.56), and the remedies requested, are based in state statutes and involve County elected officials and County municipalities.

This Motion to Strike the Notice of Removal, or alternatively, Sever Claims under 28 U.S.C. §1441(c)(2), should be GRANTED as Defendants' notice is vague and lacking in specific statutory notice to Plaintiffs, or, alternatively, if construed by the Court as a proper Notice of Removal, requires the severance and remand of Causes of Action IV through XIII to State Superior Court for Snohomish County, Case No. 21-2-04302-31.

Respectfully submitted,

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a WA Nonprofit Corp.

DocuSigned by:

*Tamborine Borrelli*

FB5CE07D15504E9...

Dated: October 14, 2021

By: Tamborine Borrelli
Its: Director
13402 125th Ave NW
Gig Harbor, WA 98329-4215
253-375-1255
weicu@protonmail.com