*Honorable Richard A. Jones*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON IN SEATTLE

WASHINGTON ELECTION INTEGRITY
COALTION UNITED, a Washington State
Nonprofit Corporation, et al.,

                     Plaintiffs,

vs.

GARTH FELL, Snohomish County Auditor,
et al.,

                     Defendants.

No. C21-1354-RAJ

SNOHOMISH COUNTY DEFENDANTS'
FRCP 12(b) MOTION TO DISMISS

**NOTE ON MOTION DOCKET:**
**November 12, 2021**

## I. INTRODUCTION

Washington law contains numerous safeguards that ensure the integrity of its elections. Disregarding the existence of these safeguards, Plaintiff, Washington Election Integrity Coalition United ("WEICU"), and individually named Plaintiffs, bring this lawsuit, and 10 others, challenging the manner by which certain Washington elections officials conducted the November 2020 general election.[1] In each case WEICU, and various individual voters

---

[1] *See Washington Election Integrity Coalition United et al. v. Wise*, USDC 2:21-cv-01394-RAJ; *Washington Election Integrity Coalition United et al. v. Anderson*, No. USDC 3:21-cv-05726-RAJ; *Washington Election Integrity Coalition United et al. v. Kimsey*, USDC 3:21-cv-05746-RAJ; *Washington Election Integrity Coalition United et al. v. Bradrick*, USDC 2:21-cv-01386-RAJ; *Washington Election Integrity Coalition United et al. v. Hall*,

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

(collectively "Plaintiffs"), make vague, unsupported claims questioning the integrity of Washington's elections system. In this case, Plaintiffs ask the Court to find that Snohomish County, and its Auditor, violated the Washington and U.S Constitution and asks this Court to order the unsealing of confidential ballots in order to perform a "kinematic audit" of the November 2020 election. The Plaintiffs also seek injunctive and mandamus relief to prevent Snohomish County from fulfilling its statutorily required functions, to which Plaintiffs object.

Plaintiffs' claims should be dismissed on numerous grounds. Plaintiffs lack standing to bring this action, and their wholly unsupported claims and request for extraordinary, unnecessary relief, should be dismissed for failure to state a claim. Moreover, because Plaintiffs inexcusably delayed in bringing suit until nearly a year *after* certification of the November 2020 election, the Plaintiffs' claims should be dismissed under the doctrine of laches and general equitable principles. The deficiencies in Plaintiffs' claims cannot be cured by amendment so the Court should dismiss this complaint with prejudice.

## II. STATEMENT OF FACTS

On September 16, 2021, Plaintiffs filed this action in Snohomish County Superior Court against Snohomish County and Snohomish County Auditor, Garth Fell, ("Defendants") seeking "declaratory relief," an "injunction" and "damages for violations of their civil rights." Dkt. 1-2. Plaintiffs claim  their "equal protection, due process and/or free speech under the Washington State Constitution and United States Constitution and amendments" were violated when they

---

No. 21-2-01641-34; *Washington Election Integrity Coalition United et al. v. Beaton*, No. 21-2-50572-11; *Washington Election Integrity Coalition United et al. v. Schumacher*, No. 21-2-00042-22; *Washington Election Integrity Coalition United et al. v. Schumacher, et al*, No. 21-2-00042-22; *Washington Election Integrity Coalition United et al. v. Beaton, et al*, No. 21-2-50572-11.

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS   - 2
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

"voted in the November 2020 General Election". *Id.* at 2, 13. Plaintiffs allege the Auditor (1) used "an uncertified voting system," (2) allowed or facilized vote flipping, additions and/or deletions (i.e vote manipulation), and (3) allowed or facilitated "party preference tracking and/or ballot identification." *Id*. 1-2 at 3.

In addition, the "nonprofit corporation" WEICU alleges that it made a public records request for ballot and election related information "to prove (or disprove)" their allegations and was denied access to requested records.[2] Dkt. 1-2 at 10. Plaintiffs seek "a Court order compelling release of the election records, including a Court order unsealing ballots under RCW 29A.60.110, so that Jovan Hutton Pulitzer, "inventor of kinematic artifact detection and Maricopa County Arizona ballot auditor of approximately 2.1 million ballots," may conduct a full forensic audit". *See Id*. at 11-12.

On October 4, 2021, Defendants removed this matter to this Court. Dkt 1. Plaintiffs lack standing to bring this action and the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court must dismiss the complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) and (2), 12(b)(4)-(6).

### III. ARGUMENT

**A. This Court Lacks Personal Jurisdiction Over Auditor Fell**

"In  the absence of service of process (or  waiver  of  service  by  the  defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). Pursuant to FRCP 12(b)(5), "if  the  plaintiff  does  not  properly  effect  service  on  a

---

[2] WEICU also brings a claim under Washington's Public Records Act ("PRA"), chapter 42.56 RCW. Dkt. 1-2 at 10-12 (Claim XIII).  Defendants' Motion does not seek dismissal of WEICU's PRA claim.

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS   - 3
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

defendant, then the defendant may move to dismiss the complaint" without prejudice. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of [Federal Rule of Civil Procedure 4] and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotation omitted).

FRCP 4(e)(1) requires an individual to serve a summons and complaint using the process established by "state law for serving a summons," or by delivery "to the individual personally" or to "an agent authorized … to receive summons." (Emphasis added). Here, Auditor Fell was never personally served. Instead, Plaintiffs served two copies of the summons and complaint on a deputy Auditor, "Tonya M." *See* Dkt. 3 at 87-89. ("I served court document for this case to (name of party); Garth Fell, Snohomish County Auditor by (check one): (X Giving the document to Tonya M, … ."); 72-74 ("I served court document for this case to (name of party); Snohomish County by (check one): (X Giving the document to Tonya M, … ."). While, pursuant to RCW 4.28.080(1) and SCC 2.90.050(1), a deputy Auditor may receive service on behalf of the County, a deputy auditor is not authorized to receive service on behalf of Auditor Fell personally. *See* RCW 4.28.080(1)("If the action is against any county in this state, to the county auditor or, during normal office hours, to the deputy auditor, or in the case of a charter county, summons may be served upon the agent, if any, designated by the legislative authority."); SCC 2.90.050(1)("*Service and Filing*. … in accordance with RCW 4.28.080(1), summons and complaints [against the county] shall be served upon the auditor. No officer, employee or volunteer of the county may waive the service and/or filing requirements.")

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS  - 4
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

In the absence of personal service, a court may not exercise power over a party whom the complainant names as a defendant. This Court must dismiss all claims against Auditor Fell.

## B. Plaintiffs Lack Standing

The Court should dismiss the complaint because none of the Plaintiffs have standing. Article III of the United States Constitution restricts the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. To establish the "case-in controversy" requirement, a plaintiff has the burden of clearly demonstrating that he or she has: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins, --- U.S. ---,* 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016)("*Spokeo II*") (*quoting Warth v. Seldin*, 422 U.S. 490, 518 (1957)); *accord Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (noting the party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)(Standing is a threshold jurisdictional inquiry: the elements of standing are "an indispensable part of the plaintiff's case.") Plaintiffs fail the first of the three prongs and therefore lack standing to bring this action.[3]

To establish an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " *Spokeo II*, 136 S. Ct. at 1548 (*quoting Lujan*, 504 U.S. at 560, 112

---

[3] In fact, Plaintiffs fail all three prongs. Plaintiffs have failed to provide factual support to their claims and fail to demonstrate that relief they seek: ordering the County to comply with the law and unsealing and auditing confidential ballots cast in the November 2020 election, but not de-certifying the election (which is time barred by RCW 29A.68.011 and 29A.68.013), would result in any redress of the violations Plaintiffs assert.

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS  - 5
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

S.Ct. 2130). "When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.' " *Id.* The plaintiff must establish a "particularized" injury, which means that "the injury must affect the plaintiff in a personal and individual way." *Raines v. Byrd*, 521 U.S. 811, 819, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997). Moreover, "[a]lthough imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013). Where a plaintiff has not established the elements of standing, the case must be dismissed pursuant to Rule 12(b)(1).

Plaintiffs fail to demonstrate how they have been injured by any of the purported violations they allege, all of which are generally premised their uninformed "belief" that somewhere in Washington some votes were manipulated or diluted by some state or local actor. Dkt. 1-2 at 7. But even if that were true (and it is not) such generalized grievances are shared by every Washington voter and are not a basis for Article III standing.

1. *Plaintiffs Equal Protection and Due Process Claims are Generalized Grievances*

With respect to Plaintiffs Equal Protection Due Process and First Amendment claims, they allege, in conclusory fashion, that (1) "ballots from County electors, including Plaintiffs herein, were not treated equally nor given equal levels of protection under the law," and (2) "[q]ualified electors who voted similarly had the value of their votes diluted, and the will of said voters denied, without due process of law." Dkt. 1-2 at 13- 4. Setting aside the failure to provide any factual support for these claims, which is a separate basis warranting dismissal and addressed below, federal courts addressing this type of election fraud claim, whether in the 2020 or other

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS   - 6
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

elections, are nearly uniform in finding that generalized election-related harms, similar to those alleged by the Plaintiffs, are insufficient to confer standing.

Plaintiffs Equal Protection and Due Process allegations are rooted in their "belief" that the County utilized an uncertified voting system that somehow diluted some votes in some unspecified fashion. Dkt. 1-2- at 4-8. Plaintiffs do not claim the alleged vote-flipping happened to them (*See Shelby Advocates for Valid Elections v. Hargett*, 947 F.3d 977, 981 (6th Cir. 2020)). Plaintiffs do not allege they were not allowed to vote or that their ballots were not counted.  Nor do Plaintiffs allege that the results of the election were effected or that the outcome should be different. In fact, Plaintiffs concede that they are not challenging or seeking to decertify the election results.  Plaintiffs do not—and cannot—allege an actual, particularized injury in fact.

While in some cases, vote dilution can be a cognizable injury that confers standing, these facts do not give rise to it here. e.g., *United States v. Hays*, 515 U.S. 737, 744-45 (1995). The Supreme Court has consistently declined to extend standing to plaintiffs asserting objections to state election laws based on generalized vote dilution theories *See Sinkfield v. Kelley*, 531 U.S. 28, 121 S.Ct. 446, 148 L.Ed.2d 329 (2000) (majority white voters lacked standing to complain of unlawful racial practices to which they had not been subjected); *Gill v. Whitford*, —— U.S. – ——, 138 S. Ct. 1916, 1929, 201 L.Ed.2d 313 (2018) (citing *Reynolds v. Sims*, 377 U.S. 533, 561, 84 S.Ct 1362, 12 L.Ed.2d 506 (1964)) (Plaintiffs failed show a burden on their individual votes and therefore lacked standing to bring gerrymandering claims based on generalized statewide injury.)

Recently, lower courts which have addressed standing in vote dilution cases arising out of the possibility of unlawful or invalid ballots being counted have said that this harm is unduly

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS  - 7
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

speculative and impermissibly generalized because all voters in a state are affected, rather than a small group of voters. *See, e.g., Donald Trump for President, Inc. v. Cegavske*, 488 F. Supp. 3d 993, 1000 (D. Nev. 2020) ("As with other generally available grievances about the government, plaintiffs seek relief on behalf of their member voters that no more tangibly benefits them than it does the public at large.") (internal quotations and modifications omitted); *Bowyer v. Ducey*, No. CV-20-02321-PHX-DJH, 2020 WL 7238261, at *5 (D. Ariz. Dec. 9, 2020) ("As courts have routinely explained, vote dilution is a very specific claim that involves votes being weighed differently and cannot be used generally to allege voter fraud."); *Martel v. Condos*, 487 F. Supp. 3d 247, 253 (D. Vt. 2020) ("If every voter suffers the same incremental dilution of the franchise caused by some third-party's fraudulent vote, then these voters have experienced a generalized injury."); *Paher v. Cegavske*, 457 F. Supp. 3d 919, 926-27 (D. Nev. 2020) ("Plaintiffs' purported injury of having their votes diluted due to ostensible election fraud may be conceivably raised by any Nevada voter."); *Wood v. Raffensperger*, No. 1:20-CV-5155-TCB, 2020 WL 7706833, at *4 (N.D. Ga. Dec. 28, 2020) (dismissing plaintiff's theory of vote dilution because allegations of "unlawful or invalid ballots dilute the lawful vote of *every* Georgia citizen."); *O'Rourke v. Dominion Voting Sys. Inc.*, No. 20-CV-03747-NRN, 2021 WL 1662742, at *9 (D. Colo. Apr. 28, 2021). *Am. Civil Rights Union v. Martinez-Rivera*, 166 F. Supp. 3d 779, 789 (W.D. Tex. 2015) (upholding a magistrate judge's conclusion that plaintiff's vote dilution claim was speculative and a generalized grievance as not clearly erroneous); *Carson v. Simon*, No. 20-CV-2030, 2020 U.S. Dist. LEXIS 188454, *23-24 (D. Minn Oct. 11, 2020) (rejecting the plaintiffs' standing based on vote dilution theory).

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS  - 8
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

Here, the Plaintiffs alleged "injury" is identical to the injury supposedly incurred by every Washington voter. Plaintiffs fail to explain how, if votes were flipped (which Defendants specifically deny) why their votes were treated any differently than any other voter. Obviously, if true, "vote flipping" would affect all Washington voters equally, giving no particular advantage to one class or group, or any identifiable disadvantage to the Plaintiffs. In short, the prospect of hypothetical state-wide flipped votes, if true (which Defendants specifically deny) is not a harm unique to the Plaintiffs.

In alleging a generalized injury rather than an actual and particularized injury in fact, Plaintiffs lack standing and this case must be dismissed.

### 2. *Plaintiffs First Amendment Claim Is a Generalized Grievance*

Plaintiffs also allege that the "Auditor's wrongful acts as alleged herein infringed upon Plaintiffs' fundamental rights of … free speech." Dkt. 1-2 at 13. Plaintiffs fail to explain how their claims regarding vote flipping and election manipulation bear any relation to the First Amendment.

Plaintiffs do not provide facts showing how the debunked alleged "wrongful acts as alleged herein" (*i.e.* supposedly "using an uncertified voting system, allowing, or facilitating vote flipping, additions and/or deletions, … allowing or facilitating party preference tracking and/or ballot identification"), somehow violate *their* free speech or caused *them individualized harm*. Instead, as a matter of law, a voter claiming "broadly the 'subver[sion]' of 'free speech and debate,' the undermining of 'free and fair elections,' and 'irreparable harm to the legislative processes,' … are textbook generalized grievances that are not actionable." *Sweigert v. Perez*, 334 F. Supp. 3d 36, 43 (D.D.C. 2018), *see also e.g. Rodriguez v. Newsom*, 974 F.3d 998, 1009–

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS  - 9
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

10 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2754 (2021)("Because Appellants can participate fully in California's presidential election, including voting for their preferred candidates, their [First Amendment] right to cast an effective vote is not burdened").

Plaintiffs First Amendment claim must be dismissed.

### 3. *Plaintiffs Have Not Alleged Any Impending Injury*

Plaintiffs have failed to articulate any injury, must less an impending one. Allegations of "possible future injury" are too speculative, and are not sufficient to demonstrate the existence of certainly impending injury. *Clapper*, 568 U.S. at 409. Plaintiffs claim they need Court intervention to "ascertain, determine and declare Plaintiffs' rights and the duties of the Auditor as they pertain to the Uncertified Voting System used for the Election and future elections conducted by Auditor in the County." Dkt. 1-2 at 17. This statement is insufficient to show certain impending particularized injury. Plaintiffs have no actual knowledge supporting their "belief" that the elections system used in the November 2020 election was "uncertified," (in fact, the system was certified), nor do Plaintiffs have any knowledge that an "uncertified" system may be used in future elections. Instead, Plaintiffs provide only unsupported speculation and theories. Speculation is not evidence. Plaintiffs have not shown that they will suffer any impending future injury and their claims must be dismissed.

### C. Plaintiffs Have Failed to Support Their Claims With Adequate Factual Content

Even if this Court declines to dismiss the complaint based on standing, Plaintiffs' claims are factually deficient and should be dismissed. Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." "[A] complaint [does not] suffice if it tenders 'naked assertion[s]'

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

In *Bell Atlantic v. Twombly*, the Court explained that the pleading standard does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557, 127 S.Ct. 1955.

> Two working principles underlie *Twombly*. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555, 127 S.Ct. 1955. Second, determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense. *Id.*, at 556, 127 S.Ct. 1955. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS   - 11
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

*Ashcroft v. Iqbal,* 556 U.S. 662, 663–64, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009).

Where plaintiffs plead fraud or mistake, the Federal Rules of Civil Procedure impose a heightened standard. Under FRCP 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Pleading with sufficient particularity includes "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). It is not necessary under FRCP 9(b) that the word "fraud" be used in the complaint, so long as the facts sound in fraud. *Id.* at 1106 ("Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word "fraud" is not used)"). A reasonable reading of the Complaint demonstrates that core of Plaintiff's allegations is fraud. Plaintiffs' complaint repeatedly alleges that the conduct of the Auditor was "wrongful", *see* Dkt. 1-2 at paragraphs 7, 11, 25, 28, 34 and 36; and that the Auditor facilitated "the electronic manipulation" of voting results. See Dkt. 1-2, paragraphs 25, 28 and 31.

The purpose of FRCP 9(b) is to protect the defendant from "reputational harm". *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d at 1104. The allegations of Plaintiffs' complaint, taken as a whole, clearly allege that the Auditor acted wrongfully for the purpose of manipulating voting results. Such allegations "… may damage a defendant's reputation regardless of the cause of action in which they appear, and they are therefore properly subject to Rule 9(b) in every case." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d at 1104. Accordingly, the Complaint is subject to the heightened particularity standards of FRPC 9(b).

Accordingly, in order to satisfy FRCP 8(a)(2) and FRCP 9, Plaintiffs must provide particular "factual content" that shows the Auditor and the County caused or personally

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS   - 12
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

participated in causing the harm alleged therein and did so in *violation* of the Plaintiffs' civil rights. As shown below, the Complaint lacks both the alleged facts necessary to "nudge[] [the] claims across the line from conceivable to plausible," as well as any cognizable legal theory - and thus the "complaint must be dismissed." *See Twombly*, 550 U.S. at 570.

      1. *Plaintiffs Fail to Provide Particular Factual Content That Shows the Auditor Used Uncertified Voting System*

Plaintiffs first state they are "are *informed* and *believe* and thereon allege, that Auditor engaged in a wrongful act by using an uncertified voting system to tabulate votes for the Election" because the County "is required by federal and state law to use an electronic voting system certified by a U.S. Election Assistance Commission (EAC) accredited Voting System Test Labs (VSTLs)," but Plaintiffs "are *informed* and *believe* and thereon allege, that at the time of VSTL testing of the voting system used by Auditor for the Election, if any, the VSTL was not accredited by the EAC." *See* Dkt. 1-2 at 4-5 (emphasis added); *see also id.* at 6. No factual content is provided as to how Plaintiffs were so "informed" or why they "believe" this allegation is true. *Id.* at 4-5. As was recognized in a similar action: allegations based on "information and belief" are a "way of saying that the [Plaintiff] does not know that something is a fact but just suspects it or has heard it." *See Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania*, 830 Fed. Appx. 377, 386-87 (3d Cir. 2020) (holding allegations were "conclusory" and complaint's amendment was denied as futile where it claimed "[u]pon *information and belief*, a substantial portion of the approximately 1.5 million absentee and mail votes in Defendant Counties should not have been counted" but it "offers no specific facts to back up these claims")(emphasis added). Because the above "conclusory allegation … does not supply facts

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

adequate to show illegality," the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *See Twombly*, 550 U.S. at 555 & 557.

Further, under ER 201(d) this Court also can take judicial notice the voting system used by the County is "Clear Ballot," which in fact has been *certified* by both the EAC and the Washington Secretary of State. *See also Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988)( a court may " 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss.") *See* Clear Ballot Snohomish County Case Study - https://clearballot.com/case-studies/snohomish-county; Clear Ballot Group - Elections & Voting - WA Secretary of State - https://www.sos.wa.gov/elections/research/clear-ballot-group.aspx*;* EAC Certification of Clear Ballot System - https://www.eac.gov/voting-equipment/registered-manufacturers/clear-ballot-group-inc

2. *Plaintiffs Fail to Provide Particular Factual Content That Shows The Auditor Allowed or Facilitated Voting Manipulation*

The Complaint next asserts "Plaintiffs are *informed and believe* and thereon allege, that Auditor engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election." *See* Dkt. 1-2 at 7 (emphasis added); *see also id.* at 7-8. The Complaint likewise asserts "Plaintiffs are *informed and believe* and thereon allege, based on official electronic tallies recorded and electronically reported and captured in real time, that approximately 6,000 votes were flipped, over 400,000 votes were added, and/or thousands of votes were removed in one or more *state-wide races* before, during, and/or after the Election" and are "*informed and believe* and thereon allege, that a *portion* of the *state*-wide vote flipping, additions and/or deletions *occurred in the County's Election overseen by Auditor*." *Id.* at 7 *(emphasis added).*

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS   - 14
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

Again, however, the complaint offers no facts as to how Plaintiffs were so "informed," how they were personally harmed, or why they "believe": (1) ballot manipulation occurred; (2) the Snohomish County Auditor allowed or facilitated it; (3) somehow "electronic tallies recorded and electronically reported and captured in real time" supposedly show "6,000 votes were flipped, over 400,000 votes were added, and/or thousands of votes were removed in one or more *state-wide* races"; or (4) that some unidentified "*portion*" of their baseless claim of *"state-wide* vote flipping, additions and/or deletions" somehow "*occurred in the County's Election overseen by Auditor.*" *Id.* at 6-8. *See also Donald J. Trump for President, Inc.*, 830 Fed. Appx. at 386-87 (allegations "conclusory" where claimed "[u]pon information and belief, a substantial portion of the approximately 1.5 million absentee and mail votes in Defendant Counties should not have been counted" but offered "no specific facts to back up these claims").

Thus, the allegation of vote manipulation is another impermissibly conclusory allegation unsupported by sufficient identified facts and should be dismissed as a matter of law. *See e.g. King v. Whitmer*, 505 F. Supp. 3d 720, 738 (E.D. Mich. 2020), appeal dismissed, 20-2205, 2021 WL 688804 (6th Cir. Jan. 26, 2021)(finding no likelihood of success on the merits in challenge to 2020 Michigan election results since "[w]ith nothing but speculation and conjecture that votes … were destroyed, discarded or switched …, Plaintiffs' equal protection claim fails").

3. *Plaintiffs Fail to Provide Particular Factual Content that Shows the Auditor Used Maintained or Used Plaintiffs' Party Preferences*

Next, the Complaint asserts "Plaintiffs are *informed and believe* and thereon allege, that Auditor engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating: (1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or (2) identifying ballots cast by County electors in the Election by party preference. (RCW

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS   - 15
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

29A.08.166).” *See* Dkt. 1-2 at 8-9 (emphasis added). Because the complaint again offers no facts as to how Plaintiffs were so “informed,” how they were harmed, or why they “believe” this allegation to be true, these conclusory statements again fail to provide factual content for a claim. *See e.g. Twombly*, 550 U.S. at 570.

Indeed, on its face the Complaint’s conclusory allegations fail to show Plaintiffs were harmed by the Auditor supposedly acting “in violation of RCW 29A.08.166.” First, that statute in pertinent part simply prohibits requiring voters to “declare a preference for, a political party or organization *upon registering to vote.*” *Id.* The complaint nowhere alleges Plaintiffs were required by the Auditor to declare a party preference upon *registering to vote* or at any other time – nor claims Plaintiffs ever in fact declared such a preference. *See* Dkt. 1-2 at 8-9. Second, RCW 29A.08.161 expressly provides: “No record may be *created or maintained* by a state or local governmental agency or a political organization that identifies a voter with the information marked on the voter's ballot, *except the declarations made under RCW 29A.56.050(2).*” (Emphasis added). This latter statute expressly authorizes maintenance of such voter declarations for those who wish to vote in Presidential primaries held before the general election. *See* RCW 29A.56.050(2)*. See also, generally,* RCW 29A.56 *et seq*. As a matter of law then, the mere act of “maintaining a record of County elector party preference” does not state an “unlawful” act but states an act expressly *authorized* by law.

Third, under the statute, declarations of party preference are created and maintained only for Presidential primaries *prior to the general election*, but the Complaint only alleges Plaintiffs “voted in the *November 2020 General Election*.” Dkt. 1-2 at 2 (emphasis added). Thus, the

SNOHOMISH COUNTY DEFENDANTS’ FRCP 12(b) MOTION TO DISMISS  - 16
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

Complaint contradicts any claim the Auditor would have had records of Plaintiffs' party affiliations, much less that such were somehow unlawfully "maintained" or used by the Auditor.

Accordingly, Plaintiffs claim regarding maintenance of a party preference record must be dismissed as a matter of law.

### D. Plaintiffs Have Failed To Allege Facts Sufficient to Constitute Causes of Action Under 42 U.S.C. § 1983 Against the Auditor or the County

Plaintiffs seek relief under 42 U.S.C. § 1983, alleging that the Auditor deprived them of their rights under the First and/or Fourteenth Amendments. Dkt. 1-2 at 16. Section 1983 is a vehicle by which Plaintiffs can bring federal statutory and constitutional challenges to actions by state and local officials. *Naffe v. Frye*, 789 F.3d 1030 (9th Cir. 2015). "To state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law*." West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988). Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is *devoid of factual allegations that give rise to a plausible inference of either element*. (citations omitted)." *Naffe v. Frye*, 789 F.3d at 1035-1036 (emphasis added). To survive a motion to dismiss, a complaint must contain sufficient *factual* matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)(emphasis added).

Auditor Fell cannot be liable for any alleged constitutional violation unless he was personally involved in the constitutional deprivation or a sufficient causal connection exists between the wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011), *Felarca v. Birgeneau*, 891 F.3d 809, 819-20 (9th Cir. 2018). Plaintiffs

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS  - 17
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

allege no facts to support any allegation that the Auditor was personally involved in the alleged constitutional deprivations, that any other individuals under the supervisory control of the Auditor were involved with the alleged constitutional deprivation, or that there is any causal connection between the alleged wrongful conduct and any constitutional violation.

As detailed above, Plaintiffs have not alleged any facts to state viable equal protection, due process or first amendment claim(s). Plaintiffs alleged constitutional injuries rely on their purported vote dilution and manipulation claims, Dkt. 1-2, but Plaintiffs have failed to allege specifically what the Auditor, or any other County employee or agent, did that allegedly resulted in constitutional injuries. Without alleging specific facts to support the alleged constitutional violations Plaintiffs' constitutional claims against the Auditor must be dismissed.  Further, the Court is unable to draw any "plausible inferences" from Plaintiffs' complaint because no facts have been alleged from which the Court could draw any such inferences.

In addition, a local government entity is only liable under § 1983 when the constitutional deprivation at issue is the result of a specific governmental policy, practice, or custom, whether made by lawmakers or by those whose edicts or acts may fairly be said to represent official policy. *Monell v. Dept. of Soc. Svcs*., 436 U.S. 658 (1978). A municipality may not be held liable pursuant to 42 U.S.C. § 1983 for the actions of its subordinates. Instead, to establish municipal liability, a plaintiff must show that a local government's "policy or custom" led to the plaintiff's injury. *United States v. Town of Colorado City,* 935 F.2d 804, 808 (9th Cir. 2019). A plaintiff can establish municipal liability under 42 U.S.C. § 1983 in one of three ways. *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir.1992). "First, the plaintiff may prove that a [government] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS   - 18
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." *Id*. (internal quotations and citation omitted). "Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with 'final policy-making authority' and that the challenged action itself thus constituted an act of official governmental policy." *Id*. (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). "Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." Id. at 1346–47 (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988).

Plaintiffs' § 1983 allegations only reference the Auditor. Plaintiffs have failed to allege facts of any specific government policy, custom or practice to support a § 1983 claim against the County and accordingly, have failed to state any facts to support liability against Defendant Snohomish County for alleged constitutional violations. The requirement that, in order for civil rights plaintiffs to successfully sue a municipal entity under § 1983, they must show that their injury was caused by municipal policy or custom, is applicable regardless whether the remedy sought is money damages or prospective relief. *Los Angeles County, Cal. v. Humphries*, 652 U.S. 29, 131 S.Ct. 447 (2010).

Without specific factual allegations, Plaintiffs have failed to state a claim under § 1983 against Defendant Snohomish County for either monetary damages or injunctive or other prospective relief.

//

//

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS  - 19
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

**E. Plaintiffs' Claims Are Barred By the Doctrine of Laches**

The Plaintiffs' claims should be dismissed under the doctrine of laches. The defense of laches is rooted in the principle that "equity aids the vigilant, not those who slumber on their rights." *Lucking v. Schram*, 117 F.2d 160 (6th Cir. 1941). Laches applies: (1) the plaintiff delayed unreasonably in asserting their rights and (2) the defendant is prejudiced by this delay. Brown-Graves Co. v. Central States, Southeast and Southwest Areas Pension Fund, 206 F.3d 680, 684 (6th Cir. 2000).

Each of these elements is met here. Plaintiffs' claims are rooted in the alleged actions of elections officials in November 2020. Plaintiffs provide no reasonable explanation for waiting until nearly 1 years *after* the election to bring these claims.

Permitting this type of post-election litigation would also cause grave harm to the State, County and Washington voters. Once the election has been conducted, election challenges must be weighed against "the extremely disruptive effect of election invalidation and the havoc it wreaks upon local political continuity." *Soules v. Kauaians for Nukolii Campaign Comm.*, 849 F.2d 1176, 1177 (9th Cir. 1988). For this reason, "if aggrieved parties, without adequate explanation, do not come forward before the election, they will be barred from the equitable relief of overturning the results of the election." *Id*. at 1180-81. To hold otherwise "permit[s], if not encourage[s], parties who could raise a claim to lay by and gamble upon receiving a favorable decision of the electorate and then, upon losing, seek to undo the ballot results in a court action." *Toney v. White*, 488 F.2d 310, 314 (5th Cir. 1973). Courts have thus rejected similar post-election claims that could have been brought before the election. *See, e.g.*, *Boland v. Raffensberger*, No. 2020CV343018, (Fulton Cnty. Sup. Ct. Dec. 8, 2020) (laches barred plaintiff from seeking relief

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

"which could have been raised well before the general election" based on his challenge to Georgia's voter registration list maintenance program); *Wood v. Raffensperger*, No. 20-cv-04651, 2020 WL 7094866 at *8 (N.D. Ga. Nov. 20, 2020), *aff'd* No. 20-14418, 2020 WL 7094866 (11th Cir. Dec. 5, 2020) (dismissing post-election challenge where "requested relief could disenfranchise a substantial portion of the electorate and erode the public's confidence in the electoral process."); *Bowyer v. Ducey*, No. CV-20-02321-PHX-DJH, 2020 WL 7238261, at *10 (D. Az. Dec. 9, 2020) ("When contesting an election, any delay is prejudicial, but waiting until a month after Election Day and two days after certification of the election is inexcusable.").

Here, Plaintiffs unreasonable delay in prosecuting their case threatens to damage the integrity of our state elections. The results were certified, candidates elected, and terms begun. Allowing an unauthorized audit nearly a year later puts the integrity of the election in question. Plaintiffs are responsible for the delay and their claims are barred by laches.

**F. Plaintiffs Are Not Entitled to Declaratory or Injunctive Relief**

Plaintiffs also seek declaratory and injunctive relief for their disproved claims of "use of uncertified voting system," Dkt. 1-2 at 5-6, "vote flipping, additions and/or deletions," *id.* at 7-8, "maintaining a record of County elector party preference" and "identifying ballots cast by County electors in the Election by party preference," *id*. at 8-9, which they allege resulted in supposed "violations of Constitutional Rights" under the Federal and State Constitutions. *Id.* at 13-15, 17. Plaintiffs are not entitled to declaratory relief. Both federal and law dictate the same result for the same reasons – Plaintiffs' request for declaratory or injunctive relief should be denied because they lack standing to obtain it.

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS   - 21
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

### 1. *Declaratory or Injunctive Relief is Not Available Under Federal Law*

Under federal law, when seeking injunctive relief, a plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Plaintiffs fail to establish any of the four factors weigh in their favor.

Plaintiffs cannot prevail on the merits for all the reasons stated above. Plaintiffs fail to support their claims with another more than speculation and conjecture. Plaintiffs' legal theories are unsound. As discussed above, Plaintiffs equal protection, due process, and first amendment claims are generalized and do not support individual standing. Moreover, Plaintiffs cannot show how an injunction would protect them from irreparable injury. The complaint's allegations with respect to alleged injury all related to the administration of the November 2020 general election. The November 2020 election ended nearly a year ago. None of the supposed injuries claimed by Plaintiffs would be remedied by an injunction.

In contrast, the State of Washington, Snohomish County and Washington voters would be severely harmed by the requested relief. Washington counties are currently administering the November 2021 general election. The proposed injunction and audit would interrupt the orderly process of administering the current election by redirecting staff and resources. *See Soules*, *supra* 849 F.2d at 1177. It could also undermine public confidence in the election system based on nothing more than unsupported conjecture. Plaintiffs' claims and requests should be seen for what they are – baseless attempts to undermine Washington's elections system -- which must be rejected.

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS   - 22
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

### 2. *Declaratory or Injunctive Relief is Not Available Under Washington State Law*

Likewise, Washington's Declaratory Judgment Act ("UDJA") is available only to those "whose rights, status or other legal relations are affected," *see* RCW 7.24.020, and to "establish harm under the UDJA, a party must present a justiciable controversy based on allegations of harm *personal to the party* that are *substantial rather than speculative or abstract*." *See Grant Cty. Fire Prot. Dist. No. 5 v. City of Moses Lake*, 150 Wn.2d 791, 802, *vacated on other grounds*, 150 Wn.2d 791 (2004)(citing *Walker v. Munro*, 124 Wn.2d 402, 411 (1994)). Further, because if a "court declares an election invalid, *the sole remedy is to void the certification*," the "election statutes do not provide for a purely *declaratory judgment rating the overall fairness of a certified election*," therefore "[a]bsent standing, we have no justiciable controversy before us." *Reid v. Dalton*, 124 Wn.App. 113, 121–22 (2004)(citing *Grant County*, 150 Wn.2d at 802). *See also* Dkt. 1-2 at 3.

Just as Plaintiffs' allegations fail to support a claim for damages or standing to pursue them, they likewise fail to state a claim for declaratory or injunctive relief.

### IV. CONCLUSION

The complaint fails to state a claim against either Auditor Fell or Snohomish County upon which the Court can grant the requested "declaratory relief," "injunction" or § 1983 "damages for violations of their civil rights." *See* Dkt. 1-2 at 2. Likewise, Plaintiffs have failed to obtain proper service or process over Auditor Fell personally and as a result the Court lacks jurisdiction over the Auditor. The complaint should be dismissed with prejudice.

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS  - 23
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

DATED this 21st day of October, 2021.

ADAM CORNELL
Snohomish County Prosecuting Attorney


By:  *s/ Lyndsey M. Downs*
LYNDSEY M. DOWNS, WSBA #37453
DEBORAH A. SEVERSON, WSBA #35603
ALEX J. WITENBERG, WSBA #50356
Deputy Prosecuting Attorneys
Snohomish County Prosecuting Attorney, Civil Division
3000 Rockefeller Avenue, M/S 504
Everett, WA  98201
Ph:  (425) 388-6330  /  Fax:  (425) 388-6333
Lyndsey.downs@co.snohomish.wa.us
Deborah.severson@co.snohomish.wa.us
Alex.witenberg@co.snohomish.wa.us
*Attorneys for Defendants Snohomish County and Garth Fell*

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS    - 24
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

## DECLARATION OF SERVICE

I declare that I am an employee of the Civil Division of the Snohomish County Prosecuting Attorney, and that, on this 21st day of October, 2021, I caused to be delivered the foregoing documents on the following parties via the Court's CM/ECF portal at the address indicated:

Virginia P. Shogren
Virginia P. Shogren, P.C.
961 W. Oak Court
Sequim, WA 98382
WEiCUattorney@protonmail.com
vshogren@gmail.com
*Attorney for Plaintiff Washington Election Integrity Coalition United*

☒ *E-Served via CM/ECF:*
☐ Emailed:
☐ Facsimile:
☐ U.S. Mail, 1st Class
☐ Hand Delivery
☐ Messenger Service

I further declare that on this 21st day of October, 2021, I caused to be delivered the foregoing documents on the following Pro Se Plaintiffs by *First Class Postage Prepaid Mail* at the addresses indicated:

| | | |
|---|---|---|
| Russell Ostlund<br>6914 – 61st Drive NE<br>Marysville, WA 98270 | Kristy Welles<br>4811 - 180th St. SW, #D207<br>Lynnwood, WA 98037 | Arthur Coday, Jr.<br>P.O. Box 1786<br>Woodinville, WA 98072 |
| Joshua A. DeJong<br>11250 – 31st Place NE<br>Lake Stevens, WA 98258 | Lonny Bartholomew<br>12015 Marine Drive, #158<br>Tulalip, WA 98271 | Diane DeJong<br>11250 – 31st Place NE<br>Lake Stevens, WA 98258 |
| Rita Beitz<br>515 – 172nd Street NE<br>Arlington, WA 98223 | Brenda Jean Smith<br>23402 Woods Creek Road<br>Snohomish, WA 98290 | John Beitz<br>515 – 172nd Street NE<br>Arlington, WA 98223 |
| Roy Fuller<br>5807 - 64th Street SE<br>Snohomish, WA 98290 | Brendon William Ruppel<br>23402 Woods Creek Road<br>Snohomish, WA 98290 | Mary Lou Burns<br>16011 – 95th Avenue SE<br>Snohomish, WA 98296 |
| James Maclin<br>5817 Silvana Terrace Rd.<br>Stanwood, WA 98292 | Katie Sheffield<br>20119 – 118th Street SE<br>Snohomish, WA 98290 | June Maclin<br>5817 Silvana Terrace Rd.<br>Stanwood, WA 98292 |

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS  - 25
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

| | | |
|---|---|---|
| Lisa Cummings<br>1623 Meadow Place<br>Snohomish, WA  98290 | Thomas J. Prettyman<br>16710 – 58th Avenue NW<br>Stanwood, WA  98292 | Randy Tendering<br>212 W. Jensen Street<br>Arlington, WA  98223 |
| Bob Kaldor<br>10907 – 23rd Drive SE<br>Everett, WA  98208 | Karol Jones<br>6203 Marine Drive<br>Tulalip, WA  98271 | Melissa Eller<br>18221 – 114th Drive NE<br>Arlington, WA  98223 |
| Susan Mischel<br>16605 W.Lake Goodwin Rd.<br>Stanwood, WA  98292 | Greg Burton<br>12123 – 52nd Avenue NE<br>Marysville, WA  98271 | James Mischel<br>16605 W.Lake Goodwin Rd.<br>Stanwood, WA  98292 |
| Amber Fithian<br>13027 – 12th Avenue NW<br>Marysville, WA  98271 | William Cook<br>820 Cady Road, #D101<br>Everett, WA  98203 | Jamie Renninger<br>19505 Grannis Road<br>Bothell, WA  98012 |
| Diane Mackay<br>9825 – 18th Ave. West, #C3<br>Everett, WA  98204 | Annette Blandino<br>16823 – 123rd Place NE<br>Arlington, WA  98223 | Jeremy Johnson<br>432 – 203rd Street SW<br>Lynnwood, WA  98036 |
| Andrew Marrone<br>5709 – 137th Place SE<br>Everett, WA  98053 | Luke Determan<br>6620 – 191st Street SW<br>Lynnwood, WA  98036 | Katie Perasso<br>3402 – 103rd Avenue SE<br>Lake Stevens, WA  98258 |
| Carl Wedekind<br>18309 E. Country Club Dr.<br>Arlington, WA  98223 | Diane Barker<br>17409 Redhawk Drive<br>Arlington, WA  98223 | Terry O'Connell<br>9711 – 52nd Avenue NE<br>Marysville, WA  98270 |

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 21st day of October, 2021.

Cindy Ryden, Legal Assistant

SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS  - 26
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333