HONORABLE ROBERT A. JONES

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

WASHINGTON ELECTION INTEGRITY  )   Case No. 2:21-cv-1354-RAJ
COALTION UNITED, a Washington        )
State Nonprofit Corporation; ARTHUR  )
CODAY, JR.; THOMAS J. PRETTYMAN;  )
DIANE DEJONG; RITA BEITZ; DIANA    )   PLAINTIFF WASHINGTON
BARKER; ROY FULLER; MARY LOU     )   ELECTION INTEGRITY
BURNS; BOB KALDOR; JANE MACLIN; )   COALITION UNITED'S
JAMES MACLIN; RANDY TENDERING; )   OPPOSITION TO SNOHOMISH
JOHN BEITZ; MELISSA ELLER;             )   COUNTY DEFENDANTS'
SUSAN MISCHEL; LISA CUMMINGS;     )   FRCP 12(b) MOTION TO
AMBER FITHIAN; JAMIE RENNINGER; )   DISMISS
DIANE MACKAY; JEREMY JOHNSON;   )
ANDREW MARRONE; KATIE PERASSO;)   NOTED ON CALENDAR:
CARL WEDEKIND; ANNETTE               )   NOVEMBER 12, 2021
BLANDINO; LUKE DETERMAN;            )
TERRY O'CONNELL; WILLIAM COOK;  )
JOSHUA A. DEJONG; KATIE                 )
SHEFFIELD; KAROL JONES; JAMES      )
MISCHEL; GREG BURTON; BRENDA      )
JEAN SMITH; BRENDON WILLIAM        )
RUPPEL; KRISTY WELLES; LONNY        )
BARTHOLOMEW; RUSSELL OSTLUND, )
                                                              )
        Plaintiffs,                                       )
        v.                                                     )
                                                              )
GARTH FELL, Snohomish County        )
Auditor; SNOHOMISH COUNTY, and   )
DOES 1-30, inclusive,                         )
                                                              )
_____Defendants_____)

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                                          1

With full reservation of rights, and without waiver or submission to the personal, subject matter jurisdiction and/or venue of this Court, Plaintiff Washington Election Integrity Coalition United, a Washington State Nonprofit Corporation ("WEiCU"), submits the following opposition to Snohomish County Defendants' FRCP 12(b) Motion to Dismiss.

A.    This Motion to Dismiss Should Be Stayed Pending the Hearing on WEiCU's Motion to Remand

Defendants' motion to dismiss is premature. WEiCU has a pending motion to remand noted for November 19, 2021 before this Court.  This action, which brings state statutory claims under RCW 29A.68.013 (for wrongful acts or neglect of duty by election officials) and RCW 42.56 (for a public records action) was removed to Federal Court under 28 U.S.C. §1441 with no notice to Plaintiffs as to which subsection of the statute Defendants claim limited Federal Jurisdiction, and with no citation to subsection (c) which applies to cases involving both state and federal claims, as is the case here.

B.    Snohomish County Auditor Garth Fell Was Properly Served In His Capacity as Snohomish County Auditor

As an initial defense, Defendants assert service of the summons and complaint on the Snohomish County Auditor on September 16, 2021 was legally insufficient because Plaintiffs personally served copies of the summons and complaint in this action on "deputy Auditor, "Tonya M." (Defendants' Motion, p. 4, ll. 10-7.)  During a meet and confer with Defendants' counsel, Defendants' counsel raised the issue of improper service and asked counsel for WEiCU for clarification as to whether Defendant Fell was being sued in his personal capacity. Counsel for WEiCU assured Defendants' counsel that Auditor Fell was not being sued in his personal

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                          2

capacity, but rather in his capacity as <u>Auditor</u>, as stated in the caption for the complaint: "GARTH FELL, Snohomish County Auditor. . . ." (Declaration of Virginia P. Shogren, ¶ 3.)  As the action is against Auditor Fell in his official capacity as the elected Auditor for Snohomish County, personal service at the Snohomish County Auditor's Office was legally sufficient under state law. (RCW 4.28.080(1).)

C.      <u>Plaintiffs Have Standing to Bring State Law Statutory Claims</u>

        This action was filed in Superior Court for Snohomish County.  Under CR 12(b)(6), a complaint can be dismissed for "failure to state a claim upon which relief can be granted" only if it appears beyond doubt that the plaintiff cannot prove any set of facts which would justify recovery.  (*Tenore v. AT&T*, 136 Wn.2d 322, 329-330 (1998).)  On a motion to dismiss for failure to state a claim, a plaintiff's allegations are presumed to be true and a court may consider hypothetical facts not included in the record. (<u>*Id*</u>.) CR 12(b)(6) motions should be granted "sparingly and with care" and "only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. (<u>*Id.*</u>)

        Defendants assert that under <u>Federal</u> law, Plaintiffs (defined by Defendants in their motion to include <u>both</u> WEiCU and the individual citizen plaintiffs; *see,* Defendants' Motion, p. 1, line 23 through p. 2, line 1) lack standing to bring any of their state-based statutory claims.[1] In doing so, Defendants ignore the state law statutory basis for Plaintiffs' claims, namely RCW 29A.68.013(1),(2) and RCW 42.56.

---

[1] Defendants conflate WEiCU and the Citizen Plaintiffs throughout their motion, without citation to specific causes of action or parties to those causes of action. Due to the confusion, and out of an abundance of caution, WEiCU will address each of Defendants' arguments in the motion. (Declaration of Virginia Shogren, ¶ 2.)

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                  3

1)  The Citizen Plaintiffs Have Standing Under RCW 29A.68.013

Under RCW 29A.68.013, an elector has standing to bring claims relating to the wrongful acts or neglect of duty by election officials:

> Any justice of the supreme court, judge of the court of appeals, or judge of the superior court in the proper county shall, by order, require any person charged with error, wrongful act, or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty and to do as the court orders or to show cause forthwith why the error should not be corrected, the wrongful act desisted from, or the duty or order not performed, whenever it is made to appear to such justice or judge by affidavit of an elector that:
>
> (1) A wrongful act . . . has been performed or is about to be performed by any election officer; or
>
> (2) Any neglect of duty on the part of an election officer . . . has occurred or is about to occur. . . .

(Verified Complaint, ¶ 6; RCW 29A.68.013(1) and (2).)

Plaintiffs have alleged their elector status:

> Plaintiffs Arthur Coday, Jr. . . .  ("Citizen Plaintiffs") are Snohomish County residents and lawful electors of Washington State who voted in the November 2020 General Election ("Election"). (Article VI, §1, Washington State Constitution).

(Verified Complaint, ¶ 1.)

The Plaintiffs are Snohomish County electors, and as such, have standing under RCW 29A.68.013 to bring their claims.

2)  WEiCU Has Standing Under RCW 42.56.550

Likewise, WEiCU has standing under RCW 42.56.550 to bring a Public Records Action to compel the production of public records, even if to do so causes "inconvenience or embarrassment to public officials or others":

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                           4

Judicial review of agency actions.

(1) Upon the motion of any person having been denied an opportunity to inspect or copy a public record by an agency, the superior court in the county in which a record is maintained may require the responsible agency to show cause why it has refused to allow inspection or copying of a specific public record or class of records. The burden of proof shall be on the agency to establish that refusal to permit public inspection and copying is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records.

\* \* \*

(3) Judicial review of all agency actions taken or challenged under RCW 42.56.030 through 42.56.520 shall be de novo. Courts shall take into account the policy of this chapter that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others.

(RCW 42.56.550 (1), (3).)

As alleged in the complaint, WEiCU issued a public records request to Defendants in August 2021, and, to date, has been stonewalled by Defendants in its efforts to review the public records.[2] (Verified Complaint, ¶ 41-48.)  WEiCU has standing to bring a public records action under RCW 42.56.550.

3)   Defendants Cannot Ignore the State Statutory Basis for Plaintiffs' Claims While Also Asserting *Federal* Standards For Standing

Defendants want this Court to ignore the state law statutory basis for Plaintiffs' standing while arguing federal standing requirements for "injuries in fact". (Defendants' Motion, p. 5, ll. 21-23.)  The statutes under which Plaintiffs are bringing their claims do not require a plaintiff to

---

[2] Defendants are now going so far as to claim the public records request emailed to Defendant Fell was never received, nor was a courtesy extension to respond to the request sent by WEiCU to the Snohomish County Prosecutor Adam Cornell. Plaintiff WEiCU considers Defendants' denials as further evidence of their violations of RCW 42.56.

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                    5

establish a "particularized injury" that "must affect the plaintiff in a personal and individual way". (Defendants' Motion, p. 6, ll. 2-4). To the contrary, the Plaintiffs must allege wrongful acts or neglect of duty by election officials, and a failure to produce public records, as found in the Verified Complaint:

11.    Plaintiffs are informed and believe and thereon allege, that Auditor engaged in a wrongful act by using an uncertified voting system to tabulate votes for the Election.

12.    Auditor, who oversees all elections for the County, is required by federal and state law to use an electronic voting system certified by a U.S. Election Assistance Commission (EAC) accredited Voting System Test Labs (VSTLs). (Help America Vote Act 2002 (HAVA), 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

13.    No voting device or its component software may be certified unless it has been tested and approved by an EAC accredited VSTL. (*Id*.)

14.    Plaintiffs are informed and believe and thereon allege, that at the time of VSTL testing of the voting system used by Auditor for the Election, the VSTL was not accredited by the EAC. As a result, the EAC's and state level purported 'certifications' of the system in reliance on the non-accredited testing reports are null and void, and the Election was conducted by Auditor in violation of state and federal law. ("Uncertified Voting System"; 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

15.    Plaintiffs are further informed and believe, and thereon allege, that in November 2020, Auditor personally certified the County's tabulation results generated by the Uncertified Voting System for the Election, and that such act was in further error and/or neglect under state and federal law.

* * *

24.    Prior to assuming the duties of overseeing elections for the County, Auditor entered into a solemn contract with the citizens of the County in the form of a publicly sworn oath to, *inter alia*, 'faithfully and impartially discharge the duties of his or her office to the best of his or her ability." (RCW 36.16.040; "Oath")

25.    Contrary to Auditor's Oath, Plaintiffs are informed and believe and thereon allege, that Auditor engaged in wrongful acts, errors and/or neglect of duty

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                6

by allowing and/or facilitating electronic manipulation of the voting results from the Election.

26.    Plaintiffs are informed and believe and thereon allege, based on official electronic tallies recorded and electronically reported and captured in real time, that approximately 6,000 votes were flipped, over 400,000 votes were added, and/or thousands of votes were removed in one or more state-wide races before, during, and/or after the Election. Plaintiffs are informed and believe and thereon allege, that a portion of the state-wide vote flipping, additions and/or deletions occurred in the County's Election overseen by Auditor.

* * *

34.    Contrary to Auditor's Oath of impartiality, Plaintiffs are informed and believe and thereon allege, that Auditor engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference.    (RCW 29A.08.166)

* * *

42.    In order to prove (or disprove) Plaintiffs' allegations herein, WEiCU brings this Public Records Act action to compel Defendants to provide access to public records from the Election for a full forensic audit. (RCW 42.56.030, 42.56.550, 29A.60.110).

43.    In August 2021, Plaintiff WEiCU submitted a records request to Auditor requesting original ballots, ballot images, spoiled ballots, adjudication records, ballot envelopes, and returned ballots for the Election. (RCW 42.56, "PRR"). The County denied one or more of the requested documents in WEiCU's PRR as exempt under RCW 42.56 citing RCW 29A.60.110 and/or White v. Clark County, 199 Wn.App. 929 (2017) ("PRR Denial"; "White Case").

44.    Contrary to the PRR Denial, RCW 29A.60.110 does not prohibit ballot review and expressly permits court ordered review of ballots. In addition, the White Case relies on WA State Constitution Article 6, Section 6 as grounds for refusing access to ballots, but that provision actually guarantees secrecy only in the preparation and deposit of ballots, and says nothing about secrecy following an election: "The legislature shall provide for such method of voting as will secure to every elector absolute secrecy in **preparing** and **depositing** his ballot." [WA State Const. Art. 6, § 6 [emphasis added].)

45.    Article 6, Section 6 does not prohibit public access to unidentifiable ballots after an election. Such interpretation of the State Constitution would prevent any ballot reviews relating to wrongful acts in an election and would be contrary to Article 1, Section 19 of the Washington State Constitution which ensures fair and

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                7

free elections in our state: "All Elections shall be free and equal, and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage."

46.    Moreover, the State Constitution is consistent with Washington State law and administrative code, which provide that access to ballots or ballot images via court order is entirely appropriate to prove or disprove election irregularities, and that such review "shall be de novo." (RCW 42.56.030 [the people do not yield their sovereignty to the agencies and insist on remaining informed so that they may maintain control over the instruments they have created to assure public interest is fully protected]; RCW 42.56.550(3) [judicial review of all agency actions taken or challenged under the [PRA] "shall be de novo".]; RCW 29A.60.110 [allows unsealing of ballots "...by order of the superior court in a contest or election dispute."]; WAC 434-261-045 ["Voted ballots and voted ballot images may . . . be accessed in accordance with RCW 29A.60.110 [unsealing of ballots allowed by court order]).

47.    Numerous courts outside of Washington State have ruled that ballots are public records and subject to inspection: "Nothing could be more obvious than that a ballot becomes a public record once it is voted." (*Rogers v. Hood*, 906 So. 2d 1220, 1223 (Fla. Dist. Ct. App. 2005); *Marks v. Koch*, 284 P.3d 118, 122 (Colo. App. 2011) [ballot secrecy is not violated if "the identity of the voter cannot be discerned from the face of that ballot"]).

48.    Defendants must be compelled to comply with the PRR not only because the documents requested are public records, but also to prove (or disprove) the allegations herein. WEiCU further requests that the Court unseal the ballots under RCW 29A.60.110, as Plaintiff WEiCU stands ready, willing and able to conduct a full forensic audit of the requested public records in coordination with Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa county Arizona ballot auditor of 2020 General Election 2.1 million ballots.

(Verified Complaint, ¶¶ 11-15, 24-26, 34, 42-48.)

Defendants have not cited to any authority permitting a Federal Court to dismiss state-law statutory claims for lack of standing.  As such, there is no authority for this Court to apply Article III (limited jurisdiction) standing requirements to have state statutory-based claims dismissed against parties that have alleged the necessary elements for standing under the statutes.

(Defendants' Motion to Dismiss, p. 6, ll. 11-16.) Defendants' motion should be denied.

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                    8

D.      The Citizen Plaintiffs Have Standing to Bring Declaratory Relief and Injunctive Relief Claims for Alleged Violations of Constitutional Rights

Defendants argue that Plaintiffs cannot establish that their individual ballot was treated in a manner that would violate their Constitutional rights, and therefore, under existing case law, their claims should be dismissed as a matter of law.[3] Defendants make this argument while knowing, full well, that not only are Plaintiffs' ballots treated *anonymously* in Washington State after the ballot is removed from its envelope, but also, Plaintiffs have had no opportunity for discovery in the case to date.  However, even at this extremely early juncture, Defendants are missing the forest for the trees.

1)      The Neglect of Duty by Auditor Fell In Using An *Uncertified Voting System* Directly Affected Each of the Citizen Plaintiffs' Ballots

Defendants argue that Plaintiffs lack standing to bring Constitutional claims unless they can 'prove' that their individual ballot was impacted (believing, of course, that the Plaintiffs will not be able to do so because of the anonymous nature of the voting system in Snohomish County).  However, in this case, Plaintiffs have alleged, and can do, exactly that. The legal votes cast by the Citizen Plaintiffs in Snohomish County in the 2020 November Election were exactly ZERO because the systems were NOT certified, as alleged in the Verified Complaint:

> 12.      Auditor, who oversees all elections for the County, is required by federal and state law to use an electronic voting system certified by a U.S. Election Assistance Commission (EAC) accredited Voting System Test Labs (VSTLs).

[3] Defendants seem to be under the impression that the final three causes of action in the complaint (XIV through XVI) are brought by all Plaintiffs against both the Auditor and County. However, the claims are bolded at the top and clearly state: "Citizen Plaintiffs v. Auditor" Contrary to Defendants' Motion, Citizen Plaintiffs are not seeking any remedies against the County for Causes of Action XIV through XVI. Snohomish County is only a defendant in the Public Records Action, Cause of Action XIII.

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                      9

(Help America Vote Act 2002 (HAVA), 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

13. No voting device or its component software may be certified unless it has been tested and approved by an EAC accredited VSTL. (*Id*.)

14. Plaintiffs are informed and believe and thereon allege, that at the time of VSTL testing of the voting system used by Auditor for the Election, the VSTL was not accredited by the EAC. As a result, the EAC's and state level purported 'certifications' of the system in reliance on the non-accredited testing reports are null and void, and the Election was conducted by Auditor in violation of state and federal law. ("Uncertified Voting System"; 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

(Verified Complaint, ¶¶ 12-14.)

As a result, Plaintiffs have alleged, and can establish on summary judgment or at trial, that as a proximate result of Defendant Fell's conduct, they were DENIED the RIGHT TO VOTE in the 2020 Election:

51. . . . Constitutional requirements and mandates may not be ignored by Auditor or this Court. (Article 1, §2, §29, Washington State Constitution.) Elections establish the citizenry's and the individual's right to FREE SPEECH as depicted by the First Amendment of the Constitution of the United States of America. Accordingly, Plaintiffs hereby demand of the Superior Court that the state and federal Constitutions be followed so that free and fair elections may be held in the County consistent with the free speech will of the People.

* * *

e. That ballots from County electors, including Plaintiffs herein, were not treated equally nor given equal levels of protection under the law; and,

f. That Plaintiffs' state and/or federal Constitutional rights have been abridged as a proximate result of Auditor's conduct as alleged herein.

* * *

62. While acting under color of state law, and as a proximate result of Auditor's conduct, Auditor deprived Plaintiffs of their federal rights under, *inter alia*, the First and/or Fourteenth Amendments to the United States Constitution.

(Verified Complaint, ¶¶ 51, 53, 62.)

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                    10

2)    Defendants Have Cited No Authority For The Proposition That The Right To Have A Vote Legally Counted Is Not Constitutionally Protected

Plaintiffs have standing to bring Constitutional claims against an election official who used a system that never legally tabulated their ballot, denied them their fundamental right to vote, and thereby violated, at a minimum, multiple provisions of the Washington State Constitution as set forth in the Verified Complaint. (Washington State Constitution ART. I, § 1, § 2, § 3, § 12, §19, §29.)

As further discussed herein, Defendants have cited to no case law or federal authority for the proposition that election officials who deny a person the right to vote by providing a system that is not legally certified to count votes, cannot be held responsible for violations of voters' Constitutional rights. Defendants' motion should be denied.

E.    The Citizen Plaintiffs Have Standing to Bring an Action for Damages for Civil Rights Violations Arising out of Defendant Fell's Denial of Their Constitutional Right to Vote

The Citizen Plaintiffs have standing to seek damages against their Auditor for violations of their civil rights by Auditor Fell for abrogating their opportunity to vote in the 2020 Election. In addition, the cause of action under 42 U.S.C. §1983 incorporates by reference all the preceding allegations, and therefore, has a sufficient factual basis:

59.    Plaintiffs incorporate the allegations of paragraphs 1 through 58 above, as though fully set forth herein.

(Verified Complaint, ¶ 59.)

/ / /

/ / /

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                    11

F.        The Federal Case Law Cited by Defendants Is Inapposite.

Even assuming, for purposes of argument only, that Plaintiffs' Superior Court case based in state law is subject to Federal Court pleading standards for standing, the "vote dilution" precedent relied on by Defendants does not help them. For example, Defendants cite *United States v. Hays*, 515 U.S. 737, 744-45 (1995) for the proposition that the Supreme Court has declined to extend standing to plaintiffs asserting objections to state election laws based on generalized vote dilution theories. (Defendants' Motion, p. 7, ll. 12-16.)   However, Plaintiffs have brought their action under state election law RCW 28.68.013 to address wrongful acts or neglect of duty by their County Auditor.

Defendants next cite a District Court opinion from Nevada (*Donald Trump for President, Inc. v. Cegavske*, 488 F. Supp. 3d 1000 (D. Nev. 2020)) for the proposition that plaintiffs may not seek relief on behalf of member voters for grievances that do not tangibly affect their member voters more than the public at large. (Defendants' Motion, p. 7. l. 25 – p. 8, l. 5.)  However, here, the Citizen Plaintiffs are bringing their *own* state law statutory actions against their *own* County Auditor with no representation of the public at large.

Next, Defendants cite another District Court opinion, *Bowyer v. Ducey*, (D. Ariz. Dec. 9, 2020) for the proposition that vote dilution may not be used generally to allege voter fraud. (Defendants' Motion, p. 8, ll. 6-12.)  The Citizen Plaintiffs are not alleging voter fraud in their complaint; rather they are alleging wrongful acts or neglect of duty by their County Auditor under existing state election laws in an effort to have a court address the conduct and improve election processes in their County.

Next, Defendants cite yet another District Court opinion out of Nevada, *Paher v. Cegavske,* 457 F. Supp. 3d 919, 926-927 (D. Nev. 2020), for the proposition that plaintiffs' injury through vote dilution due to ostensible election fraud may be conceivably raised by any Nevada voter. (Defendants' Motion, p. 8, ll. 12-15).  To the contrary, in this case, pursuant to RCW 29A.68.013, only Snohomish County electors could bring the action against the Snohomish County Auditor as the election official for Snohomish County in charge of all election processes for that County. Plaintiffs' claims are not state-wide, but rather statutory claims aimed at the *processes* used by their County Auditor to run elections in their own County.

Defendants cite *Wood v. Raffensperger*, a District Court opinion out of Georgia (N.D. Ga. Dec. 28, 2020) for the proposition that vote dilution claims should be dismissed due to allegations of "unlawful or invalid ballots dilute the lawful vote of *every* Georgia citizen." (Defendants' Motion, p. 8, ll. 15-18.)  Again, Plaintiffs have not brought claims for vote dilution and are not alleging vote dilution for every lawful vote of every Washington State citizen. Plaintiffs are bringing statutory claims against an election official who used a system that never legally tabulated their ballot, denied them their fundamental right to vote, and thereby violated, one or more provisions of the Washington State Constitution and/or U.S. Amendments I and XIV. (Washington State Constitution ART. I, § 1, § 2, § 3, § 12, §19, §29; U.S. Constitution Amendment I, XIV; *See*, Verified Complaint, p. 12, Cause of Action XIV.)

In sum, Plaintiffs are not seeking standing to bring this action based on a 'generalized injury.'  Plaintiffs have standing under state law to bring statutory actions under RCW 29A.68.013 and RCW 42.56, and have a right to pursue Constitutional claims related to the

denial of their right to vote and other conduct by their election officials that will be explored and further brought to light during discovery.[4]

G.    Plaintiffs Have the Right to Seek Injunctive Relief against Continued Use of an Uncertified Voting System

It appears Defendants are arguing that Citizen Plaintiffs' cause of action for Injunctive Relief relating to the Violations of Constitutional Rights (Cause of Action XV) should also be dismissed because "[a]llegations of "possible future injury" are too speculative, and are not sufficient to demonstrate the existence of certainly impending injury." (Defendants' Motion, p. 10, ll. 5-9.)

In this case, Plaintiffs are alleging a cause of action for injunctive relief, to seek an order to immediately and permanently restrain Auditor Fell from taking any further actions in violation of Plaintiffs' Constitutional rights, which would include, continuing to use the same UNCERTIFIED voting system in Snohomish County elections to DENY them their RIGHT TO VOTE. (Verified Complaint, ¶¶ 56, 57.)

Plaintiffs have alleged a sufficient factual basis for the violations of their State and Federal Constitutional and related Civil Rights in the form of an election official using a system that renders the tabulation of their votes null and void. (Verified Complaint, ¶ 14.) This motion should be denied.

---

[4] This action was only recently commenced; Plaintiffs have extensive additional evidence of election irregularities not specifically alleged in the complaint and reserve all rights to pursue discovery in this action.

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                  14

H.       Defendants' Disguised Attempt to Move for Summary Judgment as to Causes of Action IV through VI Also Fails

Defendants appear to be requesting dismissal of Plaintiffs' Cause of Actions IV through VI (regarding the use of the uncertified voting system) by arguing and submitting links to evidence outside the scope of the Verified Complaint.  (Defendants' Motion, p. 14, ll. 3-13.) Defendants have not brought a motion under FRCP 56 for summary judgment, and Plaintiffs object to any conversion of this motion into a FRCP 56 motion, particularly where no discovery has occurred in the action.[5]

Nor does the outside evidence cited by Defendants help them in their defense. Notably, Defendants do not provide the Court with any links to the EAC certification for the uncertified system actually used by Auditor Fell for Snohomish County. Instead, the links provided are for Clear Ballot Group (the vendor).  Defendants seek to mislead and confuse the Court between the vendor and the voting system actually used. As alleged in the Verified Complaint, the Voting System Test Laboratory that 'certified' the voting system actually used by Auditor Fell for the 2020 Election was not accredited at the time the VSTL issued the EAC Certification.  (Verified Complaint, ¶ 14.)  As a result, the purported 'certification' for the system was "null and void" and the voting system used by Auditor Fell never legally tabulated the Citizen Plaintiffs' ballots:

> 14.      Plaintiffs are informed and believe and thereon allege, that at the time of VSTL testing of the voting system used by Auditor for the Election, the VSTL was not accredited by the EAC. As a result, the EAC's and state level purported 'certifications' of the system in reliance on the non-accredited testing reports are

[5] Plaintiffs have ample evidence to support the uncertified nature of the electronic voting system used by Defendant Fell, and reserve all rights to submit evidence in support of their claims on a motion for summary judgment and/or at trial.

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                    15

null and void, and the Election was conducted by Auditor in violation of state and federal law. ("Uncertified Voting System"; 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

(Verified Complaint, ¶ 14.)

I.       The County Auditor Is Responsible For All Election Processes at the County Level

Defendants argue that Plaintiffs have not alleged exactly how, or "shown" exactly how the Auditor engaged in the alleged wrongful acts and neglect of duty. (Defendants' Motion, pp. 13, l.5 though p. 17, l. 4.)

Defendants seem to forget that Auditor Fell has statutory responsibilities as the elected Auditor for Snohomish County, said duties including being put under Oath to certify the tabulation results for each election:

Before canvassing the returns of a primary or election, the chair of the county legislative authority or the chair's designee shall administer an oath to the county auditor or the auditor's designee attesting to the authenticity of the information presented to the canvassing board. This oath must be signed by the county auditor or designee and filed with the returns of the primary or election.

(RCW 29A.60.200 [emphasis added]; *see also*, WAC 434-262-030 [County Auditor's Abstract of Votes certifies, *inter alia,* the number of registered voters eligible to vote by preceding, the number of ballots cast in the election by precinct, the votes cast for each race or issue, the cumulative vote totals, and an aggregate total of votes for each candidate].)

Who is responsible for election irregularities for Snohomish County elections if not the Auditor?  As alleged in the Verified Complaint, the Auditor is the elected official who has taken an Oath of Office, and who certifies the accuracy of the County's election vote tabulations:

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                    16

3.       At all relevant times, Defendant Garth Fell is serving as the elected Auditor for the State of Washington, Snohomish County ("Auditor" and "County"), responsible for all Election procedures, elections staff, election workers, election observers, the accuracy of the County's Election vote tabulations, and certification of the County Election's tabulation results.

(Verified Complaint, ¶ 3.)  Defendants admit as much in their Answer:

. . . Snohomish County Defendants admit that Garth Fell is the duly elected Auditor of Snohomish County and oversees election employees and volunteers and the accuracy of Snohomish County's vote tabulation system, Clear Ballot.

(Defendants' Answer, ¶ 3 [emphasis added].)

Plaintiffs have substantial evidence to support the allegations in the Verified Complaint obtained from multiple declarants, publicly available information, and credible informants. During discovery, Plaintiffs will seek additional evidence about Auditor Fell's actual or constructive knowledge of the alleged wrongful acts and neglect of duty occurring during his term of office and on his 'watch,' and will present such evidence to the Court on any motion for summary judgment or at trial.[6]

J.       Plaintiffs' Claims Are Timely Under Applicable State Statutes and Federal Retention Statutes

Defendants assert the defense of laches.  (Defendants' Motion, p. 20.)

As apparent from the allegations of the Verified Complaint, Plaintiffs filed their action on September 16, 2020, less than a year from the certification for the November 2020 Election, and

---

[6] It is possible that during discovery, Defendant Fell may 'point the finger' at others responsible for the wrongful acts and neglect of duty, but that does not absolve him from his responsibility as the elected public official overseeing all election processes for Snohomish County.

PLAINTIFF WEICU'S OPPOSITION TO SNOHOMISH COUNTY DEFENDANTS' MOTION TO DISMISS                                      17

within approximately one month of issuing the Public Records Request.  Plaintiffs are expressly NOT seeking de-certification of the Election under RCW 29A.68.013(3):

> 8.      The narrow 10 day limitations period of RCW 29A.68.013 subsection (3) does not apply to Plaintiffs' claims, as Plaintiffs are not seeking de-certification of the Election.

 (Verified Complaint, ¶8.)  As such, the action is both timely (ripe) AND not barred by the doctrine of laches.

In addition, Snohomish County and Auditor Fell are required to retain all records from the November 2020 Election for a period of at least 22 months. (52 U.S.C. §20701) Defendants' desire to have the action dismissed before the 22 month period expires – on grounds of *laches* -- is disingenuous to the retention schedules they must adhere to.

K.      Defendants' Argument That Actions Seeking Election Integrity Should Be Dismissed
        Because They Are 'Disruptive' Is Specious

Defendants want this Court to ignore RCW 29A.68.013 and RCW 42.56.550 and deny the Plaintiffs their statutory right to allege wrongful acts or neglect of duty by their Auditor and seek related public records because to do so would have an "extremely disruptive effect of election invalidation and the havoc it wreaks upon local political continuity." (Defendants' Motion, p. 20, ll. 12-16 [quoting *Soules v. Kauaians for Nukolii Campaign Comm.*, 849 F.2d 1176, 1177 (9th Cir. 1988)].)

Election integrity is arguably the most important civic promise Snohomish County election officials could provide Snohomish County residents. The right to freely elect one's representatives and to influence the political direction of one's government is the democratic republic's indispensable political foundation. Without free elections, there is neither the

possibility for citizens to express their will nor the opportunity for citizens to change their leaders, approve policies for the country, address wrongs, or protest the limitation of their rights afforded to them by the Constitution. (Article 1, §19 Washington State Constitution).

In addition, the Washington State Legislature has spoken on this issue by passing RCW 29A.68.013. The Legislature has given the citizenry the power to question the wrongful acts and/or neglect of duty by Washington State election officials via sworn evidence submitted to a state Court. If Defendants have an 'issue' with election integrity, which apparently they do, then they have a choice: 1) cooperate with Plaintiffs to prove that Snohomish County elections are free and equal as guaranteed by the Washington State Constitution; or 2) go to the Legislature and have the laws changed so that citizens are barred from further questioning the actions of their election officials.

Until then, this motion to dismiss is without merit. The action should proceed to discovery before the Snohomish County Superior Court, where the action was filed.

Respectfully submitted,

VIRGINIA P. SHOGREN, P.C.

Dated: November 8, 2021

_____
By: Virginia P. Shogren, Esq.
961 W. Oak Court
Sequim, WA 98382
360-461-5551
WEiCUattorney@protonmail.com
Attorney for Plaintiff WEiCU

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                    19

CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, I electronically filed the following with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

PLAINTIFF WASHINGTON ELECTION INTEGRITY COALITION UNITED'S OPPOSITION TO SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS

DECLARATION OF VIRGINIA SHOGREN IN SUPPORT OF PLAINTIFF WASHINGTON ELECTION INTEGRITY COALITION UNITED'S OPPOSITION TO SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS

JOINDER IN SUPPORT OF PLAINTIFF WASHINGTON ELECTION INTEGRITY COALITION UNITED'S OPPOSITION TO SNOHOMISH COUNTY DEFENDANTS' FRCP 12(b) MOTION TO DISMISS

Lyndsey Marie Downs
Deborah A. Severson
Alex Witenberg
(Counsel for Defendants)

Kevin Hamilton
Reina Almon-Griffin
Nitika  Arora
Amanda Beane
(Counsel for Proposed Intervenor)

And I hereby certify that I caused to be served the document via email provided by the following parties who are non CM/ECF participants:

Arthur Coday, Jr.
Plaintiff, *Pro Se*

Thomas J. Prettyman
Plaintiff, *Pro Se*

Diane DeJong
Plaintiff, *Pro Se*

Rita Beitz
Plaintiff, *Pro Se*

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                    20

Diana Barker
Plaintiff, *Pro Se*

Roy Fuller
Plaintiff, *Pro Se*

Mary Lou Burns
Plaintiff, *Pro Se*

Bob Kaldor
Plaintiff, *Pro Se*

Jane Maclin
Plaintiff, *Pro Se*

James Maclin
Plaintiff, *Pro Se*

Randy Tendering
Plaintiff, *Pro Se*

John Beitz
Plaintiff, *Pro Se*

Melissa Eller
Plaintiff, *Pro Se*

Susan Mischel
Plaintiff, *Pro Se*

Lisa Cummings
Plaintiff, *Pro Se*

Amber Fithian
Plaintiff, *Pro Se*

Jamie Renninger
Plaintiff, *Pro Se*

Diane Mackay
Plaintiff, *Pro Se*

Jeremy Johnson
Plaintiff, *Pro Se*

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                21

Andrew Marrone
Plaintiff, *Pro Se*

Katie Perasso
Plaintiff, *Pro Se*

Carl Wedekind
Plaintiff, *Pro Se*

Annette Blandino
Plaintiff, *Pro Se*

Luke Determan
Plaintiff, *Pro Se*

Terry O'Connell
Plaintiff, *Pro Se*

William Cook
Plaintiff, *Pro Se*

Joshua A. DeJong
Plaintiff, *Pro Se*

Katie Sheffield
Plaintiff, *Pro Se*

Karol Jones
Plaintiff, *Pro Se*

James Mischel
Plaintiff, *Pro Se*

Greg Burton
Plaintiff, *Pro Se*

Brenda Jean Smith
Plaintiff, *Pro Se*

Brendon William Ruppel
Plaintiff, *Pro Se*

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                              22

Kristy Welles
Plaintiff, *Pro Se*

Lonny Bartholomew
Plaintiff, *Pro Se*

Russell Ostlund
Plaintiff, *Pro Se*

Dated: November 8, 2021

<u>*s/ Virginia P. Shogren*</u>
Virginia P. Shogren
Virginia P. Shogren, P.C.
961 W. Oak Court
Sequim, WA 98382
360-461-5551

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' MOTION
TO DISMISS                                   23