*Honorable Richard A. Jones*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON IN SEATTLE

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALTION UNITED, a Washington State Nonprofit Corporation, et al.,<br><br>      Plaintiffs,<br><br> vs.<br><br>GARTH FELL, Snohomish County Auditor, et al.,<br><br>      Defendants. | No. C21-1354-RAJ<br><br>SNOHOMISH COUNTY DEFENDANTS' REPLY IN SUPPORT OF 12(b) MOTION TO DISMISS<br><br>**NOTE ON MOTION DOCKET:**<br>**November 12, 2021** |

## I. __INTRODUCTION__

Plaintiff Washington Election Integrity Coalition United's ("WEiCU") response simply resubmits the same claims contained in the Complaint without surmounting any of the infirmities previously set forth in the County Defendants' Motion to Dismiss. Courts across the country have consistently and repeatedly rejected similar baseless attempts to undermine the integrity of state's elections. Plaintiffs' conspiratorial allegations are barred by numerous legal and equitable doctrines, including standing, plausibility, timeliness, and laches. This Court should dismiss causes of action IV through XVI.

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF FRCP 12(b) MOTION TO DISMISS   - 1
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

## II. ARGUMENT

### A. Plaintiffs Lack Standing

In an attempt to avoid the jurisdictional deficiency in their case, WEiCU[1] argues that the "the statutes under which Plaintiffs are bringing their claims do not require a plaintiff to establish a 'particularized injury' that 'must affect the plaintiff in a personal and individual way'". Dkt. 23 at 5-6. Plaintiffs fail to cite a single source for the proposition that they may advance constitutional claims without first demonstrating standing. The law is clear, Federal courts will only address a claim when the plaintiff has standing. *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "A plaintiff must demonstrate standing for each claim" and "for each form of relief sought." *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 352, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006).

The first prong of Article III's standing requirement--an injury-in-fact--demands a Plaintiff establish (1) "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife.* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) Plaintiffs have not demonstrated that the relief they seek, if granted, would prevent them from suffering a concrete particularized injury. The Supreme Court has consistently held that "[a] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's

---

[1] The County Defendant's FRCP 12(b) Motion to Dismiss seeks dismissal of the individual Plaintiffs' state and federal election claims. Dkt. 16 at FN 2. Nevertheless, WEiCU, whose PRA claim is not the subject of the Motion to Dismiss, filed a substantive response in Opposition, making arguments well beyond its own PRA claim. Twenty-five of the pro se individuals "joined" WEiCU's Opposition. Dkt. 23-2. Eleven pro se individuals (Brenda Jean Smith, Brendon William Ruppel, Katie Sheffield, Susan Mischel, Greg Burton, James Mischel, Amber Fithian, Diane Mackay, Andrew Marrone, Carl Wedekind, and Katie Perasso) did not respond or join WEiCU's Response. *See* WDLCR 7(b)(2)(a failure to respond is "an admission that the motion has merit".) Plaintiffs' coordinated opposition is further evidence that the pro se individuals' claims and WEiCU's PRA claim are interrelated – and all subject to this Court's original and supplemental jurisdiction. *See* Dkt. 22 (Snohomish County's Response to WEiCU's Motion to Remand).

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF FRCP 12(b) MOTION TO DISMISS   - 2
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Coffman*, 549 U.S. at 439 (2007)(A claim resting solely on the grounds that "the law … has not been followed" is "precisely the kind of undifferentiated, generalized grievance about the conduct of government" that cannot give rise to a cognizable injury.")

Plaintiffs allege that they are "Snohomish County electors." Dkt. 23 at 4. Thereafter, Plaintiffs make a series of claims on the basis that they are "informed and believe" that the County Auditor used "an uncertified voting system to tabulate votes for the election"; allowed or facilitated "electronic manipulation of the voting results"; and "maintain[ed] a record of party preference". Dkt. 1-2 at 5, 8, and 9. Plaintiffs allegations are easily disproven, but even if they were not, the grievances are generalized. Plaintiffs Complaint does not demonstrate how or why the Plaintiffs actually suffer, or will suffer, an injury. Any Snohomish County voter could presumably make the same claim.[2]

For example, Plaintiffs' allege that use of an uncertified voting system resulted in no legal votes being counted in the 2020 election. Dkt 1-2 at 5; 23 at 9 ("The legal votes cast by the Citizen Plaintiffs in Snohomish County in the 2020 November Election were exactly ZERO … ."). Even if true, such an allegation is not particularized to a specific voter. Plaintiffs other allegations fair no better.

---

[2] Plaintiffs' claims are not limited to Snohomish County. WEiCU, and other individual plaintiffs, have alleged similar "wrongdoing" in cases filed across Washington state. These cases collectively allege that millions of Washingotn state ballots were not legally counted in the November 2020 election. *See Washington Election Integrity Coalition United, et al. v. Julie Anderson and Pierce County,* 3:21-cv-05726; *Washington Election Integrity Coalition United, et al. v. Julie Wise and King County,* 2:21-cv-1394; *Washington Election Integrity Coalition United, et al. v. Greg Kimsey and Clark County,* 3:21-cv-05746.

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF FRCP 12(b) MOTION TO DISMISS   - 3
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

It is not enough for a Plaintiff to simply allege a statutory violation. In order to pursue their claims, Plaintiffs must allege that the violation resulted in particular immediate injury. Because Plaintiffs' claims of harm are undifferentiated and not particularized, Plaintiffs have not pled an individualized injury-in-fact, which is a requirement for Article III standing.

## B.  Plaintiffs' Claims Are An Untimely Elections Contest

Plaintiffs attempt to save their claims by arguing that they must only plead Washington state causes of action. Dkt. 23 at 4-8. Plaintiffs' argument fails, because even if statutory claims were enough to meet standing requirements (which they are not), Plaintiffs' statutory claims are an improper and untimely attempt to contest the November 2020 election.

Washington state law permits an elector to bring specific types of election challenges by affidavit, but requires those challenges to be initiated within ten days of election certification. RCW 29A.68.013.

> Any justice of the supreme court, judge of the court of appeals, or judge of the superior court in the proper county shall, by order, require any person charged with error, wrongful act, or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty and to do as the court orders or to show cause forthwith why the error should not be corrected, the wrongful act desisted from, or the duty or order not performed, whenever it is made to appear to such justice or judge by affidavit of an elector that:
>
> (1) A wrongful act other than as provided for in RCW 29A.68.011 has been performed or is about to be performed by any election officer; or
>
> (2) Any neglect of duty on the part of an election officer other than as provided for in RCW 29A.68.011 has occurred or is about to occur; or
>
> (3) An error or omission has occurred or is about to occur in the official certification of any primary or election, including a challenge to the certification of any measure.
>
> *An affidavit of an elector under this subsection shall be filed with the appropriate court no later than ten days following the official certification of the primary or election* as provided in RCW 29A.60.190, 29A.60.240, or 29A.60.250 or, in the case of a recount, ten days after the official certification of the amended abstract as provided in RCW 29A.64.061.

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF FRCP 12(b) MOTION TO DISMISS  - 4
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

RCW 29A.68.013 (emphasis added).

Plaintiffs attempt to evade the 10-day limit by contending that "Plaintiffs are not seeking de-certification of the Election." Dkt. 1-2 at 5. But the 10-day timeframe is not limited to decertification claims; it applies to any elections challenge brought under RCW 29A.68.013. *See In re Feb. 14, 2017, Special Election on Moses Lake Sch. Dist. #161 Proposition 1*, 2 Wash.App.2d 689, 695, 413 P.3d 577, 580 (2018) (RCW 29A.68.013 "demands that an election contest be filed within ten days of the election's certification.").

Snohomish County's official results for the November 2020 election were certified on November 24, 2020.[3] Therefore, any challenge to the November 2020 election should have been filed by December 4, 2020. Plaintiffs' never filed an affidavit of elector. Instead, they brought this untimely Complaint nearly a year after certification of the election. Plaintiffs' claims under RCW 29A.68.013 fail.

### C. The Plaintiffs' Offer No Specific Facts To Support Their Claims

Plaintiff also fail to state a plausible claims sufficient to survive the County Defendants' Rule 12(b) Motion to Dismiss. A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Claims that are "conceivable" or "possible," but not plausible, fall

---

[3]*See* https://www.snohomishcountywa.gov/DocumentCenter/View/76619/Unofficial-Summary-Results-for-2020-November-?bidId=

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF FRCP 12(b) MOTION TO DISMISS  - 5
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

short of the standard.[4] *Twombly* at 570. In alleging fraud, a party must state with particularity the "circumstances constituting fraud." Fed. R. Civ. P. 9(b).

Neither the Plaintiffs' Complaint nor WEiCU's response "provide the grounds upon which [the] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Plaintiffs fail allege facts to support their claims of election fraud. Plaintiffs admit that that they filed their complaint without facts to support their allegations of election fraud. Dkt. 1-2 at 11-12 ("In order to provide (or disprove) Plaintiffs' allegations … Plaintiff WEiCU submitted a records request to Auditor … .") No Plaintiff alleges any personal knowledge to support the claims. Instead all of the allegations are based on information and belief. Dkt. 1-2 at 5, 6, 8, 9, 15 ("Plaintiffs are informed and believe …"). "'Upon information and belief' is a lawyerly way of saying that the [plaintiff] does not know that something is a fact but just suspects it or has heard it." *Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania*, 830 F. App'x 377, 387 (3d Cir. 2020). Accordingly, each allegation is conclusory, and is not entitled to any presumption of truth. *See Iqbal,* 556 U.S. at 679.

//

//

//

---

[4] WEiCU cites to Washington's Civil Rule 12(b) for the general proposition that the individual Plaintiffs claims should not be dismissed. Dkt. 23 at 3. But it is a well-settled rule that "[o]nce a state court action is removed, it is governed by federal, rather than state, procedure." *Azzopardi v. Ocean Drilling & Exploration Co.,* 742 F.2d 895, 895 (5th Cir.1984); *Pebles v. Hiam,* C12-0054-RSM, 2012 WL 2455563, at *2 (W.D. Wash. June 27, 2012)(rejecting Plaintiff's argument "that because she originally filed the action in state court, where only notice pleading is required, she should not be held to the higher federal pleading standard required under *Iqbal* and *Twombly.*")(citing FRCP 81(c))

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF FRCP 12(b) MOTION TO DISMISS  - 6
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

a.    Plaintiffs' Voting System Claim is Not Supported

Plaintiffs assert that they are "informed and believe" that the "voting system" used by Defendants was tested by a VSTL that was "not accredited by the EAC."[5]  Dkt. 1-2 at 6. Plaintiffs allege no facts identifying the voting system or the VSTL, the time of testing, the process of accreditation, or any facts to support the conclusion that the VSTL was not accredited at the time it tested and approved Snohomish County's voting system. These conclusory allegations are not entitled to any presumption of truth and therefore fail to state a claim upon which relief can be granted as to the claims contained in Sections IV, V, VI.

b.    Plaintiffs' Electronic Manipulation Claim is Not Supported

Plaintiffs also assert that Defendants fraudulently allowed or facilitated "electronic manipulation of the voting results from the Election." Dkt. 1-2 at 8. Plaintiffs allege that there are "official electronic tallies" that were "captured in real time" that show an approximate number of votes "flipped", "added" or "removed." *Id*. Plaintiffs' do not explain where or when these "tallies" were posted, by whom, what information they relayed, what races they pertained to or whether these allegations even pertain to Snohomish County at all. These conclusory allegations are also not entitled to any presumption of truth and therefore fail to state a claim upon which relief can be granted as to the claims contained in Sections VII, VIII, and IX of the Complaint.

//

//

[5] Pursuant to ER 201(d), the County Defendants included in their Motion to Dismiss information demonstrating that the County's VSTL is accredited. https://www.eac.gov/voting-equipment/registered-manufacturers/clear-ballot-group-inc . Dkt 16 at 14. The U.S. Election Assistance Commission's (EAC) website details the EAC's Voting System Test Laboratory (VSTL) accreditation program and identifies the VSTL associated with each voting system. Once accredited, a VSTL's accreditation cannot be revoked unless the EAC Commissioners vote to revoke the accreditation: "The accreditation of a laboratory for purposes of this section may not be revoked unless the revocation is approved by a vote of the Commission." 52 U.S.C. § 20971(c)(2).

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF FRCP 12(b) MOTION TO DISMISS  - 7
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

### c. Plaintiffs' Party Preference Claim is Not Supported

Plaintiffs also allege that Auditor Fell allowed or facilitated "maintaining a record of party preference" and "identifying ballots . . . by party preference." *Id* at 9. Plaintiffs allege no facts to support how these party preferences were obtained, how they were maintained, or how they were used to identify ballots. Moreover, the Complaint does not allege that Plaintiffs ever declared a party preference, party preference declarations were "wrongfully" entered into their voter registration information, or that party preference declarations were used in the 2020 November election. Plaintiffs also fail to allege facts to explain what, if any, effect such a process would have on the election results.[6] These conclusory allegations are not entitled to any presumption of truth and therefore fail to state a claim upon which relief can be granted as to the claims contained in Sections X, XI, and XII of the Complaint.

## D. Plaintiffs' Claims Are Barred By Laches

Plaintiffs' claims are separately barred by the doctrine of laches. Laches applies when, such as here, (1) the plaintiffs delayed unreasonably in asserting their rights and (2) the defendant is prejudiced by this delay. *Brown-Graves Co. v. Central States, Southeast and Southwest Areas Pension Fund,* 206 F.3d 680, 684 (6th Cir. 2000). Both elements are met in this case.

Plaintiffs' claims are a belated post-election challenge. Plaintiffs' believe that they should have at least 22 months to bring their claims. Dkt. 23 at 17-18. A record retention guideline is not the standard by which delay in bringing an elections challenge should be judged. Courts recognize the chaos that may result from granting post-election relief. *Soules v. Kauaians for Nukolii Campaign Comm.,* 849 F.2d 1176, 1180 (9th Cir. 1988). Allowing post-election lawsuits

---

[6] Moreover, as detailed in Snohomish County's Motion to Dismiss, as a matter of law, the mere act of maintaining a record of County elector party preference is expressly *authorized* by Washington law. Dkt. 16 at 15-17.

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF FRCP 12(b) MOTION TO DISMISS  - 8
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

encourages "sandbagging on the part of wily plaintiffs." *Id.* For these reasons, the law imposes a duty to bring election challenges as soon as possible, and courts enforce this duty by applying the doctrine of laches. *Id; see Bowyer v. Ducey*, No. CV-20-02321-PHX-DJH, 2020 WL 7238261, at *10 (D. Az. Dec. 9, 2020) ("When contesting an election, any delay is prejudicial, but waiting until a month after Election Day and two days after certification of the election is inexcusable.").

Plaintiffs' delay, in waiting nearly a year after certification of the November 2020 election to prosecute their case, is untenable. The election process was open to public scrutiny and any objections to vote totals should have been brought within the statutory framework provided by Washington law. The results have been certified, candidates elected, and terms begun. Allowing Plaintiffs to continue to pursue their unsupported claims that that millions of Washington votes were not counted, and then conduct an unregulated "audit," a year after the election, puts the integrity of the election and the terms of office in question. Plaintiffs' are responsible for the delay and their claims are barred by laches.

### E. Plaintiffs' Other Arguments Fail

#### a. The Defendants' Notice of Removal Was Proper

In an attempt to avoid this Court's original and supplemental jurisdiction, Plaintiff WEiCU argues that consideration of the County Defendants' Motion to Dismiss should be stayed pending WEiCU's Motion to Remand. As described in greater detail in Snohomish County Defendants' Response to WEiCU's Motion to Remand, incorporated by reference, the County's notice of removal provided a "short and plain statement of the grounds for removal" and met all requirements for removal pursuant to 28 U.S.C. § 1441(a). *See* Dkt. 22. This matter is properly before the federal court and subject to its original and supplemental jurisdiction.

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF FRCP 12(b) MOTION TO DISMISS  - 9
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

b. <u>The Plaintiffs Have Not Cured Deficient Service on the Auditor And He, And All Claims Against Him, Must Be Dismissed.</u>

WEiCU admits that it did not serve Snohomish County Auditor, Garth Fell, with this lawsuit. Dkt 23 at 2. Instead, WEiCU argues that service on a Deputy Auditor was sufficient pursuant to RCW 4.28.080(1). *Id.* at 2-3. RCW 4.28.080(1) provides the process to serve "any county in this state." It does not apply to service on an individual. Because Auditor Fell is an individual, personal service is required. Furthermore, under FRCP 12(b)(2), (b)(4) and (b)(5), Sections IV, V, VI, VII, VIII, IX, X, XI, XII, XIV, XV, and XVI of the Complaint must be dismissed because those causes are brought only against the Auditor. Dkt 23 at 9, FN 3.

### III.    CONCLUSION

In sum, all claims asserted by the individual Plaintiffs are based on generalized, conclusory allegations that contain no supporting facts and no cognizable legal theories. Even if Plaintiffs had standing and were timely, those claims should be dismissed under the *Twombly* and *Iqbal* factual sufficiency standard for failure to state a claim upon which relief can be granted.

DATED this 12th day of November, 2021.

ADAM CORNELL
Snohomish County Prosecuting Attorney

By:    */s/ Lyndsey M. Downs*
LYNDSEY M. DOWNS, WSBA #37453
DEBORAH A. SEVERSON, WSBA #35603
ALEX J. WITENBERG, WSBA #50356
Deputy Prosecuting Attorneys
3000 Rockefeller Ave.,M/S 504, Everett WA 98201
Ph: (425) 388-6330 / Fax: (425) 388-6333
Lyndsey.downs@co.snohomish.wa.us
Deborah.severson@co.snohomish.wa.us
Alex.witenberg@co.snohomish.wa.us
*Attorneys for Defendants Snohomish County and Garth Fell*

SNOHOMISH COUNTY DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(b) MOTION TO DISMISS  - 10 (C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425) 388-6333

## DECLARATION OF SERVICE

I declare that I am an employee of the Civil Division of the Snohomish County Prosecuting Attorney, and that, on this 12th day of November, 2021, I caused to be delivered the foregoing documents on the following parties via the Court's CM/ECF portal at the address indicated:

| | |
|---|---|
| Virginia P. Shogren<br>Virginia P. Shogren, P.C.<br>961 W. Oak Court<br>Sequim, WA  98382<br>WEiCUattorney@protonmail.com<br>vshogren@gmail.com<br>*Attorney for Plaintiff Washington<br>Election Integrity Coalition United* | ☒ *E-Served via CM/ECF:*<br>☐ Emailed:<br>☐ Facsimile:<br>☐ U.S. Mail, 1st Class<br>☐ Hand Delivery<br>☐ Messenger Service |

I further declare that on this 12th  day of November, 2021, I caused to be delivered the foregoing documents on the following Pro Se Plaintiffs by *First Class Postage Prepaid Mail* at the addresses indicated:

| | | |
|---|---|---|
| Russell Ostlund<br>6914 – 61st Drive NE<br>Marysville, WA  98270 | Kristy Welles<br>4811 - 180th St. SW, #D207<br>Lynnwood, WA  98037 | Arthur Coday, Jr.<br>P.O. Box 1786<br>Woodinville, WA  98072 |
| Joshua A. DeJong<br>11250 – 31st Place NE<br>Lake Stevens, WA  98258 | Lonny Bartholomew<br>12015 Marine Drive, #158<br>Tulalip, WA  98271 | Diane DeJong<br>11250 – 31st Place NE<br>Lake Stevens, WA  98258 |
| Rita Beitz<br>515 – 172nd Street NE<br>Arlington, WA  98223 | Brenda Jean Smith<br>23402 Woods Creek Road<br>Snohomish, WA  98290 | John Beitz<br>515 – 172nd Street NE<br>Arlington, WA  98223 |
| Roy Fuller<br>5807 - 64th Street SE<br>Snohomish, WA  98290 | Brendon William Ruppel<br>23402 Woods Creek Road<br>Snohomish, WA  98290 | Mary Lou Burns<br>16011 – 95th Avenue SE<br>Snohomish, WA  98296 |
| James Maclin<br>5817 Silvana Terrace Rd.<br>Stanwood, WA  98292 | Katie Sheffield<br>20119 – 118th Street SE<br>Snohomish, WA  98290 | June Maclin<br>5817 Silvana Terrace Rd.<br>Stanwood, WA  98292 |

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF FRCP 12(b) MOTION TO DISMISS  - 11
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

| | | |
|---|---|---|
| Lisa Cummings | Thomas J. Prettyman | Randy Tendering |
| 1623 Meadow Place | 16710 – 58th Avenue NW | 212 W. Jensen Street |
| Snohomish, WA  98290 | Stanwood, WA  98292 | Arlington, WA  98223 |
| | | |
| Bob Kaldor | Karol Jones | Melissa Eller |
| 10907 – 23rd Drive SE | 6203 Marine Drive | 18221 – 114th Drive NE |
| Everett, WA  98208 | Tulalip, WA  98271 | Arlington, WA  98223 |
| | | |
| Susan Mischel | Greg Burton | James Mischel |
| 16605 W. Lake Goodwin Rd. | 12123 – 52nd Avenue NE | 16605 W. Lake Goodwin Rd. |
| Stanwood, WA  98292 | Marysville, WA  98271 | Stanwood, WA  98292 |
| | | |
| Amber Fithian | William Cook | Jamie Renninger |
| 13027 – 12th Avenue NW | 820 Cady Road, #D101 | 19505 Grannis Road |
| Marysville, WA  98271 | Everett, WA  98203 | Bothell, WA  98012 |
| | | |
| Diane Mackay | Annette Blandino | Jeremy Johnson |
| 9825 – 18th Ave. West, #C3 | 16823 – 123rd Place NE | 432 – 203rd Street SW |
| Everett, WA  98204 | Arlington, WA  98223 | Lynnwood, WA  98036 |
| | | |
| Andrew Marrone | Luke Determan | Katie Perasso |
| 5709 – 137th Place SE | 6620 – 191st Street SW | 3402 – 103rd Avenue SE |
| Everett, WA  98053 | Lynnwood, WA  98036 | Lake Stevens, WA  98258 |
| | | |
| Carl Wedekind | Diane Barker | Terry O'Connell |
| 18309 E. Country Club Dr. | 17409 Redhawk Drive | 9711 – 52nd Avenue NE |
| Arlington, WA  98223 | Arlington, WA  98223 | Marysville, WA  98270 |

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 12th  day of November, 2021.

_____
Cindy Ryden, Legal Assistant

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF FRCP 12(b) MOTION TO DISMISS  - 12
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333