*Honorable Richard A. Jones*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON IN SEATTLE

WASHINGTON ELECTION INTEGRITY COALTION UNITED, a Washington State Nonprofit Corporation, et al.,

Plaintiffs,

vs.

GARTH FELL, Snohomish County Auditor, et al.,

Defendants.

No. C21-1354-RAJ

SNOHOMISH COUNTY DEFENDANTS' FRCP 56 MOTION TO DISMISS

**NOTE ON MOTION DOCKET:
Friday, January 14, 2022**

## I.    INTRODUCTION

In an effort to "confirm (or deny)" baseless election claims, Plaintiff, Washington Election Integrity Coalition United ("WEiCU"), alleges that it submitted a public records request to Snohomish County. WEiCU's email requesting records, however, was flagged as potentially malicious by the County's spam filter, quarantined, and then deleted, without anyone at the County ever receiving it.

Receipt of a public records request is a prerequisite to trigger any obligation under Washington's Public Records Act ("PRA"). Therefore, defendants Snohomish County and Snohomish County Auditor, Garth Fell, ("Defendants") move pursuant to Fed. R. Civ. P. 56 for dismissal with prejudice of WEiCU's public records claim.

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 1
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

## II.    ISSUES PRESENTED

1.    Does the Public Records Act claim brought by Plaintiff WEICU fail as a matter of law based on controlling state law that an agency's obligations under the PRA are not triggered until it receives a request? Yes.

2.    Does the Public Records Act claim brought by Plaintiff WEICU fail as a matter of law based on controlling state law that requires a requestor to follow an agency's published procedures for requesting records? Yes.

3.    Does the Public Records Act claim brought by Plaintiff WEICU fail as a matter of law based on controlling state law that ballots and ballot images are categorically exempt from public disclosure? Yes.

## III.    FACTUAL BACKGROUND

### A.  The Public Records Act, Chapter 42.56 RCW.

The Public Records Act ("PRA") was enacted on the principle that "free and open examination of public records is in the public interest … ." RCW 42.56.550(3).  The public policy behind the PRA is clear:

> The people of this state do not yield their sovereignty to the agencies that serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may maintain control over the instruments that they have created. This chapter shall be liberally construed, and its exemptions narrowly construed to promote this public policy and to assure that the public interest will be fully protected. In the event of conflict between the provisions of this chapter and any other act, the provisions of this chapter shall govern.

RCW 42.56.030.

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS  - 2
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

To further public access to public records, the PRA requires agencies to establish and publish policies and procedures to allow the public to obtain copies of agency records not exempted by statute. *See* RCW 42.56.040. Those policies and procedures must include, "the established places at which, the employees from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain copies of agency decisions." RCW 42.56.040(1)(a). Agencies are also required to designate a Public Records Officer and make contact information for this person available to the public. RCW 42.56.580. A Public Records Officer's duties are to "serve as a point of contact for members of the public in requesting disclosure of public records and to oversee the agency's compliance with the public records disclosure requirements of [the PRA]." RCW 42.56.580(1).

An agency is required to make records available to the public once it receives a request in accordance with published rules. RCW 42.56.070(1). Once an agency receives a request for public records, the agency must respond within five business days of receiving the public disclosure request by: (1) providing records; (2) providing a link to records available on the agency's website; (3) sending an acknowledgment letter containing a reasonable estimate of the time the agency needs to respond to the request; (4) seeking clarification; or (5) denying the request. RCW 42.56.520. The PRA also requires agencies to establish a process for review of agency decisions denying inspection of records. RCW 42.56.520(4).

The PRA allows requestors who believe an agency has not fully complied with the PRA to seek relief in superior court. RCW 42.56.550(1). If a requester prevails against an agency in a court proceeding, the court is required to award the costs of bringing suit, including reasonable

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 3
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

attorney's fees, as well as a statutory penalty assessed against the agency of between $0 and $100 each day the records were not disclosed. RCW 42.56.550(4).

**B.  The County Has Adopted and Published PRA Policies and Procedures.**

1.  Snohomish County Code Sets Forth The County's Public Records Procedures.

In accordance with the PRA's requirement, Snohomish County has published regulations establishing procedures to ensure compliance with the provisions of chapter 42.56 RCW and other applicable law relating to disclosure of public records. Snohomish County Code (SCC) 2.51.010. Snohomish County Code creates the position of Public Records Officer, and assigns certain duties to that position:

(1)  The director of finance shall appoint a public records officer who shall provide centralized oversight, guidance and leadership to fulfill public records request for the county.

(2)  Subject to subsection (3) of this section, the public records officer shall:

*(a) Serve as a point contact for members of the public in requesting disclosure of public records, provided that requests may also be presented to public records specialists or their designees pursuant to SCC 2.51.050;*

(b) Oversee compliance with the public disclosure requirements of this chapter; and

(c) Adopt such policies and procedures as may be necessary to carry out the provisions of this chapter consistent with applicable laws.

(3) Final decision-making authority over public disclosure of records of the legislative branch of government shall be vested in the chairperson of the county council or the chairperson's designee.

(4)  The public records officer shall publish his or her name and contact information in a way reasonably calculated to provide notice to the public, including posting at the county's primary place of business, posting on the county's internet site, or including in county publications.

SCC 2.51.035 (emphasis added).

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 4
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

In August 2021, in accordance with SCC 2.51.035(4), the address and weblink to the email address of the County's PRO was published on the County's website. *See* https://snohomishcountywa.gov/1705/Contact-List; Declaration of Cecilia Wilson ("Wilson Decl.)., ¶¶ 2, 6.

Each County department, office, agency, board, bureau, division or commission is also required to designate a public records specialist who is charged with implementing chapter 2.51 SCC as well as "policies and procedures adopted by the public records officer under SCC 2.51.035(2)(c) and other applicable laws relating to disclosure of public records." SCC 2.51.040.

Importantly, the Snohomish County Code specifically designates how, and to whom, public records requests are to be submitted:

> … All requests for public records shall be presented in writing to the *public records officer or to the public records specialist or designee of the department, office, agency, board, bureau, division or commission* believed to be responsible for the records being requested.

SCC 2.51.050(1); *see also* Wilson Decl., ¶ 3.

In August 2021, the name and email address of the Auditor's Office designated public records specialist was published on the County's website. Wilson Decl., ¶ 6.

Accordingly, a requestor submitting a request for public records from Snohomish County has a choice: to submit the request to the PRO, or to submit the request to a public records specialist. Emailing a records request to any county employee, or an elected official, who has not been designated a public records specialist—as Plaintiff claims it did in this case—is not among the options.

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS  - 5
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

2.  The County's Code and Public Records Procedures Are Readily Accessible To The Public.

The Snohomish County Code is accessible online via the County's webpage, located at https://snohomish.county.codes/. Wilson Decl., ¶ 5. The County's website includes a detailed, easy-to-follow description of the procedures for requesting public records from the County. When requestors visit the County's website, a link to the County's Public Records webpage is highlighted and easy to locate by clinking on a link labeled County Records *Request Public Records*" at https://snohomishcountywa.gov/1704/Public-Records. The site provides a link to a "public records request portal" where records requests may be directed or the site provides a "contact list" for each department's public records specialist, which includes a direct link to each department's designated public disclosure e-mail account. *Id*. These procedures were available on the County's website in August 2021, when Plaintiff alleges it emailed Auditor Fell.[1] *Id*., 6.

**C.  Plaintiff's Lawsuit and Failure To Follow The County's Published Procedure For Requesting Public Records.**

On September 16, 2021, Plaintiff WEiCU, and 36 other individual pro se plaintiffs, filed this action in Snohomish County Superior Court against Defendants seeking "declaratory relief", an "injunction", and "damages for violations of their civil rights." Dkt. 1-2. Plaintiffs claim their "equal protection, due process and/or free speech under the Washington State Constitution and United States Constitution and amendments" were violated when they "voted in the November 2020 General Election". *Id.* at 2, 13. Plaintiffs allege the Auditor (1) used "an uncertified voting system," (2) allowed or facilitated vote flipping, additions and/or deletions (i.e vote

---

[1] Auditor Fell is not the Auditor's Office designated public records specialist. Declaration of Garth Fell, ¶ 3.

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 6
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

manipulation), and (3) allowed or facilitated "party preference tracking and/or ballot identification." *Id*. 1-2 at 3.

In addition, WEiCU alleges that "[i]n August 2021, Plaintiff WEiCU submitted a [public records] request to Auditor, requesting original ballots, ballot images, spoiled ballots, adjudication records, ballot envelopes and returned ballots". Dkt. 1-2 at 10. Notably, Plaintiff does not allege that it submitted a request to the Snohomish County's Public Records Officer or a public records specialist, as required by the Snohomish County Code. According to Plaintiff, "[t]he County denied one or more of the requested documents in WEiCU's PRR as exempt under RCW 42.56 citing RCW 29A.60.110 and/or White v. Clark County, 199 Wn.App 929 (2017)". *Id.*[2]

WEiCU seeks "a Court order compelling release of the election records, including a Court order unsealing ballots under RCW 29A.60.110, so that Jovan Hutton Pulitzer, "inventor of kinematic artifact detection and Maricopa County Arizona ballot auditor of approximately 2.1 million ballots," may conduct a full forensic audit". *See Id*. at 11-12.

**D. Snohomish County's Spam Filter.**

Snohomish County has used Microsoft Office 365 email – Exchange Online -- since the spring of 2015. Declaration of Evan Perez ("Perez Decl."), ¶ 4. Exchange Online includes three

---

[2] Plaintiff has a duty to conduct a reasonable factual investigation prior to filing a complaint. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002); Rule 11. One of the fundamental purposes of Rule 11 is to "reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, ... [thereby] avoid[ing] delay and unnecessary expense in litigation." *Golden Eagle Distrib. Corp. v. Burroughs Corp*., 801 F.2d 1531, 1536 (9th Cir.1986). Plaintiff failed ensure that the facts alleged in Section XIII, paragraph 43, of its Verified Complaint were accurate.

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 7
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

different "Spam Filters." Many of the County's Spam Filter configurations and settings were set to Microsoft default/recommended settings. *Id*., ¶ 5.

The County frequently receives malicious emails that are designed to gain access to the County network, accordingly, the County's filters are a necessary tool to support and protect County functions, operations, and systems. *Id*., ¶ 7. Furthermore, as email use has grown, so has email abuse. Unmonitored junk email can clog inboxes and networks, impact user satisfaction, and hamper the effectiveness of legitimate email communications.

The Spam Filter includes a setting that automatically routes messages originating from a domain outside of the United States to "Quarantine". *Id*., ¶ 8. Quarantine is part of the Exchange Online system that holds potentially dangerous or unwanted messages. *Id*., ¶ 9. Once an email is routed to Quarantine, the system automatically deletes the content of a quarantined message after 15 or 30 days, depending on the settings applied to the employee. *Id*., ¶ 10.

**E.  The County Did Not Receive Plaintiff's PRA Request Until October 28, 2021.**

Snohomish County's Public Records Officer has no record of receiving or responding to a PRA request from WEiCU in August 2021. Wilson Decl., ¶ 7; Declaration of Garth Fell ("Fell Decl."), ¶¶ 4-6. Subsequent to the filing of this lawsuit, the County's Public Records Officer conducted a search of public records requests made through the public records portal, to the Public Records Officer or to the Auditor's Office, and found no record of a public records request from WEiCU in August 2021. Wilson Decl., ¶ 7.

On October 6, 2021, Counsel for the County notified WEiCU that:

Neither Auditor Fell nor Snohomish County's Public Records Officer have received a PRA request from WEiCU. Since the County did not receive a PRA request, it has not denied access to any records or claimed that any records are exempt. Furthermore, the Complaint did not include a copy of the request that

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 8
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

WEiCU allegedly submitted to the County. Accordingly, the County does not have a PRA request from WEiCU that it is able to process.

To the extent that your organization wishes to submit a public records request to Snohomish County, I invite you to do so via the County's public records request portal. You may access the portal by visiting http://www.snohomishcountywa.gov/1740/Public-Records, and clicking "Public Records Request Portal". Submitting your request using this portal ensures that the County receives the request and will begin processing it appropriately.

Alternatively, you can submit a public records request by mail to the following address:

Public Records Officer
3000 Rockefeller Ave, m/s 709
Everett, WA 98201

Downs Declaration (Downs Decl.), ¶ 3, Exhibit A.

On October 19, 2021, and October 21, 2021, the County met and conferred with WEiCU's attorney regarding potential motions. *Id.,* ¶ 4. At both meetings the County reiterated that it did not have a record of receiving the public records request alleged in the Verified Complaint and more specifically that, because the County did not receive the request, it never denied WEiCU access to records. The County asked for WEiCU to provide evidence of the request or documentation to support its claim. *Id*. ¶ 5.

On October 28, 2021, Plaintiff's counsel provided the County with a PDF copy of an email, dated October 9, 2021, directed to contact.prosecutor@snoco.org, purportedly sent in response to the County's October 6, 2021, letter. *Id*., ¶ 6. The October 9, email, was sent from "weicu@protonmail.com" and included a "forwarded message," dated August 26, 2021. The August 26 email purports to have been sent by weicu@protonmail.com to garth.fell@snoco.org with the subject line "RE: Public Records Request." *Id*. ¶ 6, Exhibit B.

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 9
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

WEiCU's August 26, 2021, and October 9, 2021, emails were sent from weicu@protonmail.com. "Protonmail's" website indicates that it originates from a domain based in Switzerland. Perez Decl., ¶ 11. Accordingly, because the "ProtonMail" domain originates in a foreign country, the County's Spam Filter identified those emails as potentially malicious, and routed them to Quarantine. And, as a consequence, the emails were not delivered to, or received by, their intended recipients.

On October 18, 2021, the County's Information Technology Department added "protonmail.com" and "protonmail.ch" to the mail flow rule called "International Allowed List." *Id.*, ¶ 12. A mail flow rule is a tool that can be used by the IT Department to change standard email settings. The International Allowed mail flow rule allows emails from these domain names to bypass the Spam Filter and reach the intended recipient at the County without allowing all emails originating from that country.

On October 28, 2021, Counsel for WEiCU provided the County with copies of the August 26 and October 9 emails. Downs Decl., ¶ 6. Counsel for the County forwarded those emails to the Public Records Officer for processing. *Id.*, ¶ 7. On November 4, 2021, five business days later, the County acknowledged receipt of WEiCU's request and set an initial estimated installment date for December 15, 2021. Wilson Decl., ¶¶ 9-10. The County is currently actively processing WEiCU's request. Wilson Decl., ¶11.

## IV. ARGUMENT

### A. Summary Judgment Standard.

WEiCU's PRA claim should be summarily dismissed under Fed. R. Civ. P. 56. On a motion for summary judgment, the Court must view the evidence in the light most favorable to

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 10
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

the non-moving party, and then ask whether there is any "genuine dispute as to any material fact" under the governing substantive law. Fed. R. Civ. P. 56(a). As to materiality, the Supreme Court has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

**B. The County Has Not Violated the PRA.**

WEiCU alleges that in August 2021, it emailed a public records request to the Snohomish County Auditor requesting: "original ballots, ballot images, spoiled ballots, adjudication records, ballot envelopes and returned ballots for the Election." Dkt. 1-2, at 10. WEiCU alleges that the public records request was denied by Snohomish County because ballots and ballot images are exempt under Washington law. *Id*. This claim fails as a matter of law because: (1) Snohomish County never received WEiCU's public records request, (2) Plaintiff did not follow Snohomish County's process for submitting public records requests, and (3) controlling state law establishes that ballots and ballot images are exempt from public disclosure.

> 1. Snohomish County Did Not Receive Plaintiff's Request; Therefore Plaintiff Has No Cause of Action Under The PRA.

Under the PRA, once an agency *receives* a request it must respond within five business days in one of five ways:  (1) by providing records; (2) by providing a link to records available on the agency's website; (3) sending an acknowledgment letter containing a reasonable estimate of the time the agency needs to respond to the request; (4) seeking clarification; or (5) denying the request. RCW 42.56.520(1). The PRA's plain language supports this interpretation.

> Responses to requests for public records shall be made promptly by agencies. …
> Within five business days of *receiving a public record request*, an agency … must
> respond in one of the ways provided in this subsection. …

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS  - 11
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

*Id.* (emphasis added) S*ee also* RCW 42.56.080(2) (emphasis added)

> Public records shall be available for inspection and copying, and agencies shall, *upon request* for identifiable public records, make them promptly available …

The agency's duty to respond to a PRA request thus is not triggered until the agency has received a PRA request. *See, e.g.*, *Beal v. City of Seattle*, 150 Wash. App. 865, 872, n.9, 209 P.3d 872 (2009) (citing RCW 42.56.080); *Bonamy v. City of Seattle*, 92 Wash. App. 403, 409, 960 P.2d 447 (1998). In other words, reciept of a PRA request is a prerequisite for triggering an agency's obligations under the PRA.

Here, the County did not receive WEiCU's request until October 28, 2021. WEiCU uses "protonmail," an email platform that originates outside of the United States. Perez Decl. ¶ 11. Until October 18, 2021, in order to mitigate threats to the system from malicious emails, the County's Spam Filter intercepted foreign emails and routed them to Quarantine. *Id.*, ¶ 8. Accordingly, WEiCU's August 26, 2021, email, sent from a foreign domain, was intercepted, routed to Quarantine, and never delivered to Auditor Fell. *See* Fell Decl., ¶¶ 5-6. The same quarantine process occurred on October 9, 2021, when WEiCU attempted to respond to the County's October 6, 2021, correspondence via email.

On October 18, 2021, the County Information Technology Department added "protonmail" to the County's "International Allowed List," which allowed emails from "protonmail" to reach County recipients. Perez Decl., ¶ 12. Thereafter, on October 28, 2021, the County's attorneys received a copy of WEiCU's request and immediately forwarded it to the County's PRO for processing. Downs Decl., ¶ 7; Wilson Decl., ¶ 8. The County is currently processing WEiCU's request. Wilson Decl., ¶ 8.

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 12
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

The County's obligations to respond to a PRA request are triggered when that request is received. *See Wood v. Lowe*, 102 Wash.App. 872, 876–77, 10 P.3d 494 (1997) ("[T]he P[R]A 'only applies when public records have been requested. In other words, public disclosure is not necessary until and unless there has been a specific request for records.'"). Because the County did not receive WEiCU's request in August 2021, WEiCU's PRA claim must be dismissed.

        2.   <u>Plaintiff Failed to Follow County Procedures For Submitting Public Records Requests.</u>

Even if the Court determines that the County's Spam Filter's interception and routing of WEiCU's email to quarantine constitutes "reciept," the County is still not liable under the PRA, because WEiCU sent the email to the Auditor, who is not the Public Records Officer or the Auditor's Office designated public records specialist. When a requestor does not follow an agency's published PRA procedures, there is no cause of action for violation of the PRA. *Parmelee v. Clark*, 148 Wash. App 748, 201 P.3d 1022 (2008), *rev. denied*, 166 Wash.2d 1017, 210 P.3d 1019 (2009).

In *Parmelee*, the plaintiff, a Washington State Department of Corrections ("DOC") inmate, sued the DOC for not timely responding to his requests for public records. Parmelee had submitted two letters to DOC requesting public records. 148 Wash. App. at 751. The first, he handed to a detention staff member at the facility where he was housed. *Id.* The second, he mailed to a DOC grievance coordinator. *Id*. Neither the detention staff member nor the grievance coordinator was a DOC designated public disclosure coordinator. The DOC detention staff member did not respond to the first request. *Id*. The grievance coordinator responded to Parmelee and advised him to submit his public records request to DOC's designated public disclosure

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS  - 13
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

coordinator in accordance with the public records request procedures adopted by DOC and published in the Washington Administrative Code ("WAC").[3] *Id.*

Instead of resubmitting his request to the public disclosure coordinator, Parmelee sued DOC to fulfill his public records request and sought an award of statutory penalties and costs. DOC moved for summary judgment on the basis that neither the detention staff letter nor the grievance coordinator letter constituted a valid records request because they had not been submitted to DOC's designated public disclosure coordinator. *Id.* at 753. The Superior Court granted DOC's motion and dismissed the suit. *Id.*

Parmelee appealed and argued that, in spite of any policies or procedures to the contrary, agencies have an obligation to respond to all public records requests, no matter their form or to whom they are directed. *Id.* at 754. The Court of Appeals, Division I, rejected the argument:

> *[T]he Department's published regulation complied with the statutory mandate by notifying the public that "the employees from whom" the public may obtain information from the DOC are the public disclosure coordinators in each department.* The more detailed policy directive, also publicly available although not published as part of the WAC, explains more precisely the procedures to be followed when requesting public records. It is not illegal for an agency to have a policy directive that is not published as part of the WAC so long as there is a published regulation complying with the informational requirements of RCW 42.56.040. In fact, the statute authorizes agencies to "adopt and enforce reasonable rules and regulations ... to provide full public access to public records, to protect public records from damage or disorganization, and to prevent excessive interference with other essential functions of the agency." RCW 42.56.100. DOC Policy 280.510 serves these purposes.

---

[3] Prior to Parmelee's requests, DOC had enacted regulations and published procedures for submission of public records requests and for its response to such requests. WAC 137-08-010. *Parmelee,* at 754. The regulations required that written requests for public records would be handled by the designated public disclosure coordinator in each department. *Id.* The public disclosure coordinator was responsible "for implementing the department's rules regarding disclosure of public records, coordination of staff in this regard, and generally insuring compliance by the staff with public records disclosure requirements." *Id. See also* former WAC 137-08-070 (1986). Each public disclosure coordinator was charged with responding to "written requests for disclosure of the department's nonexempt public records located in that office." *Parmelee,* at 754-55; *See also* former WAC 137-08-080(1) (1986).

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 14
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

*Id.* at 756-57 (emphasis added).

> *Not only was the published WAC regulation sufficient to put the public on notice that a records request should be submitted to a designated public disclosure coordinator,* Parmelee also had actual notice.

*Id.* at 757 (emphasis added).  Thus, "because the two record requests at issue were not submitted to the designated public disclosure coordinator, the Department may not be penalized for failing to respond to them in a timely fashion. *Id.* at 759.  Accordingly, where an agency has complied with RCW 42.56.040, and has enacted procedures to deal with public records requests, it cannot be held liable when a requestor chooses not to follow those procedures.

The County has published procedures (SCC 2.51.035 and SCC 2.51.050) that set forth "the employees from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain copies of agency decisions." *See* RCW 42.56.040(a). These procedures were in place at the time WEiCU purportedly submitted its request, and are sufficient to put the public, and in this case the Plaintiff, on notice that all records requests must be submitted to the Public Records Officer or to a designated public records specialist for response.

WEiCU failed comply with SCC 2.51.035 or SCC 2.51.050 when it first emailed its request to the Auditor and subsequently to the "contact prosecutor" account. Because Plaintiff failed to properly submit a public record request, Snohomish County cannot be liable under the PRA. WEiCU's PRA claim must be dismissed as a matter of law.

### 3.  Ballots And Ballot Images Are Exempt As A Matter Of Law.

The PRA's primary purpose is to foster governmental transparency and accountability by making public records available to citizens. *Doe ex rel. Roe v. Washington State Patrol*, 185 Wash.2d 363, 371, 374 P.3d 63 (2016). However, the Washington Legislature has also recognized

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS  - 15
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

that it is in the public interest for some records to be exempted from production. *Id*. Some exemptions are contained in the chapter 42.56 RCW, and some are found in other statutes that prohibit release of records. *Id*. Exemptions can likewise be found in regulations authorized by statute. *Ameriquest Mortg. Co. v. Washington State Office of Atty. Gen.,* 170 Wash.2d 418, 440, 241 P.3d 1245 (2010).

The PRA does not require disclosure where a record falls within a statutory exemption. *Gendler v. Batiste*, 174 Wash.2d 244, 251 (2012) (citing RCW 42.56.070(1)). *See also Gipson v. Snohomish Cty.*, 194 Wash.2d 365, 370 (2019) ("An exempt record, like a nonexistent record, is not available for inspection, and an agency is not obligated to produce it."). Because ballots and ballot images are exempt from public disclosure, WEiCU's claim fails as a matter of law.

> a. *The Washington Constitution Includes A Broad Guarantee Of Ballot Secrecy.*

Wash. Const. art. VI, § 6, states "All elections shall be by ballot. The legislature shall provide for such method of voting as will secure to every elector absolute secrecy in preparing and depositing his ballot." In a series of cases, Washington courts have held that ballots are exempt from public disclosure due to the broad constitutional guarantee of ballot secrecy as well as the statutes and regulations that govern elections.

> b. *Washington Courts Have Uniformly Rejected Attempts to Access Pre and Post Tabulated Ballots via the PRA.*

In *White v. Clark County*, 188 Wash. App. 622, 627, 354 P.3d 38 (2015), *review denied*, 185 Wash.2d 1009 (2016) (*White I),* the court held that pre-tabulated ballots are exempt from public disclosure. In that case, the plaintiff made a public records request for "scanned images of pre-tabulated ballots" from Clark County prior to certification of the election. The provisions of

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS  - 16
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

Title 29A RCW required that ballots be kept secure prior to processing and after tabulation. *Id*. at 634. These statutes, however, resulted in a gap which the ballots that White requested fell within—ballot images generated during processing that had not yet been tabulated. *Id.* The court found that the legislature had expressly delegated to the secretary of state the authority to "fill in the statutory gaps regarding the secrecy and security of ballots." *Id*. Indeed, the legislature *required* the secretary to make such rules. *Id*. at 635. The court held that the secretary of state's regulations, enacted in keeping with the constitution and the legislature's grant of authority, constituted an "other statute" requiring exemption. *Id*. at 636. The court concluded that such ballots are exempt under the PRA, explaining:

> Article VI, section 6 of the Washington Constitution, various sections of Title 29A RCW, and secretary of state regulations adopted under express legislative authority make it clear that election ballots must be kept completely secure from the time of receipt through processing and tabulation. *We hold that these provisions together constitute an "other statute" exemption to the PRA under RCW 42.56.070(1) and that the County did not violate the PRA by failing to disclose the pre-tabulated ballot images.*

*Id.* at 627 (emphasis added).

In *White v. Skagit County*, 188 Wash. App. 886, 890, 355 P.3d 1178 (2015), *review denied*, 185 Wash.2d 1009 (2016) (*White II),* the same plaintiff filed suit against Skagit and Island Counties after they denied his request for electronic or digital image files of ballots received, cast, voted, or otherwise used in the 2013 general election. The court again held that pre-tabulated ballots were exempt from public disclosure. *Id*. at 900. The court noted that "the legislature has gone into great detail to ensure that the process of collecting, counting, storing, and ultimately destroying ballots achieves the constitutional mandate for a secret ballot." *Id*. at 894. The court explained:

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS  - 17
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

> White's argument that even greater transparency would promote public confidence in elections is a matter of policy for the legislature to consider. It is not supported by the statutes as they are currently written. Allowing observers at various stages of ballot processing is fundamentally different from allowing every member of the public to inspect images of every ballot cast. Ballot boxes are not to be opened nor votes recounted "on mere suspicion and on mere demand." *Quigley v. Phelps,* 74 Wash. 73, 81, 132 P. 738 (1913). The statutes that regulate the handling of ballots do not manifest a legislative intent to facilitate public inspection of voted ballots. They manifest a legislative intent to protect ballot secrecy by maintaining the integrity of ballot processing and tabulation.

*Id*. at 897. The court held that all ballots, including copies, are exempt from disclosure and that exemption is necessary to protect a vital governmental function. *Id*. at 898.

White tried again in *White v. Clark County*, 199 Wash. App. 929, 931, 401 P.3d 375, 378 (2017), *review denied*, 189 Wash.2d 1031 (2018) (*White III)*. There he requested tabulated ballots from Clark County more than 60 days after they were tabulated. The court found that the exemption recognized in *White I* applied to tabulated ballots as well as pre-tabulated ballots. *Id*. at 932. The court found that the interplay of RCW 29A.60.110 (requiring ballot containers to be sealed and only accessed under limited circumstances) and WAC 434-261-045 (proscribing storage of ballots and "ballot images") created an "other statute" exemption to the PRA. *Id*. at 938. The court reasoned that, viewing Title 29A RCW as a whole, there is a presumption against disclosure of election records unless otherwise stated:

> [A]s Division One noted in *White II*, the legislature has also "specified that certain *nonballot* election records may be disclosed to the public." The court noted that it would be superfluous for the legislature to single out specific types of elections records as subject to disclosure unless they were viewed as exceptions to the general rule of nondisclosure. *Id.* Further, because under RCW 29A.60.110 it is clear that tabulated ballots must remain sealed, there was no reason for the legislature to include an explicit exemption.

*Id*. at 936 (emphasis in original) (citations omitted). The court concluded that "tabulated ballots are exempt in their entirety from disclosure under the PRA." *Id*. at 939.

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 18
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

            c.    *The Ballots At Issue In This Case Are Exempt From Public Disclosure.*

Similar to the arguments made in *White III*, WEiCU claims that Washingotn law "does not prohibit access to unidentifiable ballots after an election" and that the Court should "unseal the ballots under RCW 29A.60.110." Dkt. 1-2 at 12-13. The *White* line of cases are dispositive. Ballots and ballot images, pre- and post-tabulation, are exempt in their entirety from disclosure under the PRA. *See White III,* 199 Wash. App. at 934 (A PRA requestor "is *not entitled to disclosure of the requested [ballots]* because … both RCW 29A.60.110 and WAC 434-261-045 create an 'other statute' exemption that applies to election ballots even after the minimum 60-day retention period after tabulation."); *See also White II,* 188 Wash. App. at 89 (denying PRA disclosure for electronic or digital image files of ballots used in the general election); *White I,* 188 Wash.App. at 627 (2015), *rev. denied*, 185 Wash.2d 1009 (2016) (holding pre-tabulated ballots are exempt from PRA disclosure). WEiCU is not entitled to access the tabulated ballots it seeks.

RCW 29A.60.110 addresses the security and secrecy of tabulated ballots. It provides that "'[a]fter opening the return envelopes, the county canvassing board shall place all of the ballots in secure storage until processing'" and "'[i]mmediately after tabulation, i.e. counting, all ballots must be sealed in containers from which they may be re-moved only in narrowly specified circumstances.'" *White II,* 188 Wash. App. at 892 (quoting RCW 29A.40.110(2) and RCW 29A.60.110). RCW 29A.60.110 provides:

> (1) Immediately after their tabulation, all ballots counted at a ballot counting center must be sealed in containers that identify the primary or election and be retained for at least sixty days or according to federal law, whichever is longer.

> (2) In the presence of major party observers who are available, ballots may be removed from the sealed containers at the elections department and consolidated into one sealed container for storage purposes. The containers may only be opened by the canvassing board as part of the canvass, to conduct recounts, to conduct a

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS  - 19
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

random check under RCW 29A.60.170, to conduct an audit under RCW 29A.60.185, or by order of the superior court in a contest or election dispute. If the canvassing board opens a ballot container, it shall make a full record of the additional tabulation or examination made of the ballots. This record must be added to any other record of the canvassing process in that county.

Similarly, WAC 434-261-045 provides in pertinent part: "Voted ballots and voted electronic ballot images must remain in secure storage except during processing, duplication, resolution, inspection by the canvassing board, or tabulation" and "may only be accessed in accordance with RCW 29A.60.110 and 29A.60.125."

RCW 29A.60.110's plain language limits the circumstances under which tabulated ballots may be accessed. WEiCU nevertheless asserts that it is entitled to access the November 2020 tabulated ballots in response to a PRA request. WEiCU's argument must be rejected. First, responding to a PRA request is not one of the enumerated circumstances under which tabulated ballots may be accessed or released. *See* RCW 29A.60.110(2). Second, while RCW 29A.60.110 allows ballots to be removed from the sealed containers "by order of the superior court in a contest or election dispute," no contest or election dispute has been filed, and no superior court order has been obtained in this case. Nor would, WEiCU, as an organization, have standing to bring such an election challenge. *See* RCW 29A.68.020(An election contest must be commenced by a "registered voter".) Simply put, RCW 29A.60.110 does not support WEiCU's claim regarding access to ballots.

Thus, under Washington statutes, administrative code and case law, ballots and ballot images are exempt from public disclosure. WEiCU is not entitled to access tabulated ballots via the PRA because they are exempt from production. As a matter of law, the ballots requested by

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS  - 20
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

WEiCU are exempt from public disclosure. WEiCU's PRA claim, which is solely based on access to ballots, must be dismissed.

**C. The Auditor Must Be Dismissed.**

1.  <u>There Is No Cause Of Action Under The PRA Against Individuals.</u>

Dismissal of Auditor Fell also is required because on its face the PRA authorizes suits only against an "agency" -- not against an official. *See e.g.*, RCW 42.56.010(1), (3); RCW 42.56.520; RCW 42.56.550.

Section XIII of the Verified Complaint alleges that the "Auditor" violated the PRA. Dkt 1-2 at 11. Under RCW 42.56.550, a person who has "been denied an opportunity to inspect or copy a public record *by an agency*" may bring a motion to show cause. RCW 42.56.550 (emphasis added). There is no precedent or law that supports the contention that an individual county officer may be sued under the PRA. Therefore, Plaintiff's PRA claim against the Auditor must be dismissed as a matter of law.

2.  <u>Auditor Fell Was Never Properly Served.</u>

Furthermore, as articulated in the County's 12(b) Motion to Dismiss, Auditor Fell has not been properly served. Dkt. 16 at 3-5.  "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). Pursuant to Fed. R. Civ. P. 12(b)(5), "if the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint" without prejudice. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS  - 21
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

that the procedure employed satisfied the requirements of the relevant portions of [Fed. R. Civ. P. 4] and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotation omitted).

Fed. R. Civ. P. 4(e)(1) requires an individual to serve a summons and complaint using the process established by "state law for serving a summons," or by delivery "to the individual personally" or to "an agent authorized … to receive summons." (Emphasis added). Here, Auditor Fell was never personally served. Instead, Plaintiffs served two copies of the summons and complaint on a deputy Auditor, "Tonya M." See Dkt. 3 at 87-89. ("I served court document for this case to (name of party); Garth Fell, Snohomish County Auditor by (check one): (X Giving the document to Tonya M, … ."); 72-74 ("I served court document for this case to (name of party); Snohomish County by (check one): (X Giving the document to Tonya M, … .").

While pursuant to RCW 4.28.080(1) and SCC 2.90.050(1), a deputy Auditor may receive service on behalf of the County, a deputy auditor is not authorized to receive service on behalf of Auditor Fell personally. *See* RCW 4.28.080(1 )("*If the action is against any county in this state*, to the county auditor or, during normal office hours, to the deputy auditor, or in the case of a charter county, summons may be served upon the agent, if any, designated by the legislative authority." Emphasis added.); SCC 2.90.050(1) ("Service and Filing. … in accordance with RCW 4.28.080(1), summons and complaints [against the county] shall be served upon the auditor. No officer, employee or volunteer of the county may waive the service and/or filing requirements.") In the absence of personal service, a court may not exercise power over a party whom the complainant names as a defendant. This Court must dismiss Plaintiff's claim against Auditor Fell.

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 22
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330 Fax: (425)388-6333

## V.  CONCLUSION

Plaintiff's claim is a frivolous, transparent, attempt to invalidate or ignore Washington's Constitution, statues, administrative code, and case law, which all hold that ballots and ballot images are confidential and exempt from public disclosure. Summary judgment dismissing Plaintiff's claim is appropriate because (1) the County never received WEiCU's request in August 2021, (2) WEiCU did not follow the County's published process for submitting requests, and (3) ballots and ballot images are exempt from production under Washington law. In addition, the Court must dismiss Auditor Fell because there is no basis for a PRA action against an individual and he was never properly served.

DATED this 7th day of December, 2021.

ADAM CORNELL
Snohomish County Prosecuting Attorney


By:    _/s/ Lyndsey M. Downs_
LYNDSEY M. DOWNS, WSBA #37453
DEBORAH A. SEVERSON, WSBA #35603
ALEX J. WITENBERG, WSBA #50356
Deputy Prosecuting Attorneys
Snohomish County Prosecuting Attorney, Civil Division
3000 Rockefeller Avenue, M/S 504
Everett, WA  98201
Ph:  (425) 388-6330  /  Fax:  (425) 388-6333
Lyndsey.downs@co.snohomish.wa.us
Deborah.severson@co.snohomish.wa.us
Alex.witenberg@co.snohomish.wa.us
*Attorneys for Defendants Snohomish County and Garth Fell*

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 23
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax:(425)388-6333

## DECLARATION OF SERVICE

I declare that I am an employee of the Civil Division of the Snohomish County Prosecuting Attorney, and that, on this 7th day of December, 2021, I caused to be delivered the following documents:

Snohomish County Defendants' FRCP 56 Motion to Dismiss
Declaration of Cecilia Wilson
Declaration of Garth Fell
Declaration of Evan Perez
Declaration of Lyndsey Downs
Proposed Order

on the following party via the Court's CM/ECF portal at the address indicated:

Virginia P. Shogren                              ☒ *E-Served via CM/ECF:*
Virginia P. Shogren, P.C.                        ☐ Emailed:
961 W. Oak Court                                 ☐ Facsimile:
Sequim, WA  98382                                ☐ U.S. Mail, 1st Class
WEiCUattorney@protonmail.com                     ☐ Hand Delivery
vshogren@gmail.com                               ☐ Messenger Service
*Attorney for Plaintiff Washington Election*
*Integrity Coalition United*


Kevin J. Hamilton                                ☒ *E-Served via CM/ECF:*
Amanda J. Beane                                  ☐ Emailed:
Nitika Arora                                     ☐ Facsimile:
Reina A. Almon-Griffin                           ☐ U.S. Mail, 1st Class
Perkins Coie LLP                                 ☐ Hand Delivery
1201 Third Avenue, Suite 4900                    ☐ Messenger Service
Seattle, WA  98101-3099
khamilton@perkinscoie.com
abeane@perkinscoie.com
narora@perkinscoie.com
ralmon-griffin@perkinscoie.com
*Attorneys for Intervenor Washington State*
*Democratic Central Committee*

//

//

//

//

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS   - 24
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

I further declare that on this 7th day of December, 2021, I caused to be delivered the above-listed documents on the following Pro Se Plaintiffs by *First Class Postage Prepaid Mail* at the addresses indicated:

Russell Ostlund
6914 – 61st Drive NE
Marysville, WA  98270

Kristy Welles
4811-180th St. SW, #D207
Lynnwood, WA  98037

Arthur Coday, Jr.
P.O. Box 1786
Woodinville, WA  98072

Joshua A. DeJong
11250 – 31st Place NE
Lake Stevens, WA  98258

Lonny Bartholomew
12015 Marine Drive, #158
Tulalip, WA  98271

Diane DeJong
11250 – 31st Place NE
Lake Stevens, WA  98258

Rita Beitz
515 – 172nd Street NE
Arlington, WA  98223

Brenda Jean Smith
23402 Woods Creek Road
Snohomish, WA  98290

John Beitz
515 – 172nd Street NE
Arlington, WA  98223

Roy Fuller
5807 - 64th Street SE
Snohomish, WA  98290

Brendon William Ruppel
23402 Woods Creek Road
Snohomish, WA  98290

Mary Lou Burns
16011 – 95th Avenue SE
Snohomish, WA  98296

James Maclin
5817 Silvana Terrace Rd.
Stanwood, WA  98292

Katie Sheffield
20119 – 118th Street SE
Snohomish, WA  98290

June Maclin
5817 Silvana Terrace Rd.
Stanwood, WA  98292

Lisa Cummings
1623 Meadow Place
Snohomish, WA  98290

Thomas J. Prettyman
16710 – 58th Avenue NW
Stanwood, WA  98292

Randy Tendering
212 W. Jensen Street
Arlington, WA  98223

Bob Kaldor
10907 – 23rd Drive SE
Everett, WA  98208

Karol Jones
6203 Marine Drive
Tulalip, WA  98271

Melissa Eller
18221 – 114th Drive NE
Arlington, WA  98223

Susan Mischel
16605 W.Lake Goodwin Rd.
Stanwood, WA  98292

Greg Burton
12123 – 52nd Avenue NE
Marysville, WA  98271

James Mischel
16605 W.Lake Goodwin Rd.
Stanwood, WA  98292

Amber Fithian
13027 – 12th Avenue NW
Marysville, WA  98271

William Cook
820 Cady Road, #D101
Everett, WA  98203

Jamie Renninger
19505 Grannis Road
Bothell, WA  98012

Diane Mackay
9825 – 18th Ave. West, #C3
Everett, WA  98204

Annette Blandino
16823 – 123rd Place NE
Arlington, WA  98223

Jeremy Johnson
432 – 203rd Street SW
Lynnwood, WA  98036

SNOHOMISH COUNTY DEFENDANTS'
FRCP 56 MOTION TO DISMISS  - 25
(C21-1354-RAJ)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

| | | |
|---|---|---|
| Andrew Marrone | Luke Determan | Katie Perasso |
| 5709 – 137th Place SE | 6620 – 191st Street SW | 3402 – 103rd Avenue SE |
| Everett, WA  98053 | Lynnwood, WA  98036 | Lake Stevens, WA  98258 |
| | | |
| Carl Wedekind | Diane Barker | Terry O'Connell |
| 18309 E. Country Club Dr. | 17409 Redhawk Drive | 9711 – 52nd Avenue NE |
| Arlington, WA  98223 | Arlington, WA  98223 | Marysville, WA  98270 |

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 7th day of December, 2021.

_/s/ Cynthia L. Ryden_
Cindy Ryden, Legal Assistant

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333