HONORABLE LAUREN KING

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALTION UNITED, a Washington State Nonprofit Corporation; ARTHUR CODAY, JR.; THOMAS J. PRETTYMAN; DIANE DEJONG; RITA BEITZ; DIANA BARKER; ROY FULLER; MARY LOU BURNS; BOB KALDOR; JANE MACLIN; JAMES MACLIN; RANDY TENDERING; JOHN BEITZ; MELISSA ELLER; SUSAN MISCHEL; LISA CUMMINGS; AMBER FITHIAN; JAMIE RENNINGER; DIANE MACKAY; JEREMY JOHNSON; ANDREW MARRONE; KATIE PERASSO; CARL WEDEKIND; ANNETTE BLANDINO; LUKE DETERMAN; TERRY O'CONNELL; WILLIAM COOK; JOSHUA A. DEJONG; KATIE SHEFFIELD; KAROL JONES; JAMES MISCHEL; GREG BURTON; BRENDA JEAN SMITH; BRENDON WILLIAM RUPPEL; KRISTY WELLES; LONNY BARTHOLOMEW; RUSSELL OSTLUND,<br><br>          Plaintiffs,<br>     v.<br><br>GARTH FELL, Snohomish County Auditor; SNOHOMISH COUNTY, and DOES 1-30, inclusive,<br><br>          Defendants | Case No. 2:21-cv-1354-RAJ<br><br>PLAINTIFF WASHINGTON ELECTION INTEGRITY COALITION UNITED'S OPPOSITION TO SNOHOMISH COUNTY DEFENDANTS' FRCP 56 MOTION TO DISMISS<br><br>NOTED ON CALENDAR:<br>JANUARY 14, 2022 |

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                    1

With full reservation of rights, and without waiver or submission to the personal, subject matter jurisdiction and/or venue of this Court, Plaintiff Washington Election Integrity Coalition United, a Washington State Nonprofit Corporation ("WEiCU"), submits the following opposition to Snohomish County Defendants' FRCP 56 Motion to Dismiss WEiCU's Public Records Action cause of action XIII.

A.    Defendants' FRCP 56 Motion to Dismiss Should Be Stricken

Defendants' motion to dismiss WEiCU's Public Records Action ("PRA") cause of action is premature, as this Court lacks jurisdiction over this action. WEiCU has a pending motion to remand noted for November 19, 2021 before this Court.  This action brings state statutory claims under RCW 29A.68.013 (for wrongful acts or neglect of duty by election officials) and RCW 42.56 (for a public records action) and was removed to Federal Court under 28 U.S.C. §1441 with no notice to Plaintiffs as to which subsection of the statute Defendants claim limited Federal Jurisdiction, and with no citation to subsection (c) which applies to cases involving both state and federal claims.

B.    Snohomish County's Defenses Are Contradictory and Moot

In their premature summary judgment motion, Defendants go overboard to explain away a purported lack of receipt of a Public Records Request ("PRR") from WEiCU, relying on spam filter analysis and multiple declarations from various Snohomish County elected officials and employees.

As entertaining as they may be, the "my dog ate the PRR" stories are moot. Defendants filed this motion on December 7, 2021 claiming non-receipt of the PRR and failure by WEiCU to follow internal procedures. However, one day later, on *December 8, 2021*, Snohomish County

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                    2

Public Records officially acknowledged and substantively responded to WEiCU's PRR pursuant to RCW 42.56. (*See*, Declaration of Tamborine Borrelli, Exh. A, filed herewith.)

Defendants' FRCP 56 motion is predicated on two questions of fact: whether WEiCU properly submitted a PRR, and whether Defendants have a duty to respond to the PRR. This FRCP 56 motion to dismiss is largely rendered moot by virtue of Defendants' own conduct in both acknowledging and substantively responding to the PRR and should be stricken accordingly.

C.    Defendants' Motion Conflicts with Defendants' FRCP 12(b) Pending Motion.

On October 21, 2021, Defendants filed a FRCP 12(b) motion against WEiCU for improper service, lack of standing and other legal defenses. Thereafter, Defendants filed this both conflicting and overlapping FRCP 56 Motion that appears to constitute a waiver of certain legal arguments (such as WEiCU's alleged lack of standing), and a re-assertion of defenses such as improper service still pending on the FRCP 12(b) motion.

The present FRCP 56 motion raises factual questions improper for summary judgment, is inconsistent with Defendants' own pending FRCP 12(b) motion, and seeks to have a Federal Court dismiss a purely state law claim (Public Records Action) subject to remand. The motion is not well taken and should be stricken.

D.    Defendants Have Not Cited a Valid Statutory Exemption for WEiCU's PRR

Assuming for purposes of argument, *only*, that this Court takes up a FRCP 56 motion on a purely state law cause of action subject to remand, WEiCU respectfully requests that the motion be denied on grounds that Defendants, in their December 8, 2021 response to the PRR, failed to

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                              3

cite a statutory exemption for the requested records as required by RCW 42.56.070(1) of the Public Records Act.

    1)  Overview of Relevant Public Records Act and Elections State Law

A public record "includes any writing containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." (RCW 42.56.010(3).)

A "writing" "means handwriting, typewriting, printing, photostating, photographing, and every other means of recording any form of communication or representation including, but not limited to, letters, words, pictures, sounds, or symbols, or combination thereof, and all papers, maps, magnetic or paper tapes, photographic films and prints, motion picture, film and video recordings, magnetic or punched cards, discs, drums, diskettes, sound recordings, and other documents including existing data compilations from which information may be obtained or translated." (RCW 42.56.010(4).)

Public Records Actions are brought to compel the inspection or copying of public records:

Judicial review of agency actions.

(1) Upon the motion of any person having been denied an opportunity to inspect or copy a public record by an agency, the superior court in the county in which a record is maintained may require the responsible agency to show cause why it has refused to allow inspection or copying of a specific public record or class of records. . . .

(RCW 42.56.550 (1).)

PLAINTIFF WEICU'S OPPOSITION TO SNOHOMISH COUNTY DEFENDANTS' FRCP 56 MOTION TO DISMISS       4

Public Records Actions provide an essential check by the people over the power of the agencies that serve them. (RCW 42.56.030.)

Judicial review of agency actions "shall be de novo," and shall be granted in the public interest even though the release of records may cause inconvenience or embarrassment:

> Judicial review of all agency actions taken or challenged under RCW 42.56.030 through 42.56.520 shall be de novo. Courts shall take into account the policy of this chapter that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others.

(RCW 42.56.550(3).)

Agencies are required to respond promptly, and within five (5) days are required to: provide the records, provide an internet address or link to the records, acknowledge receipt and provide a reasonable estimate of time necessary to respond to the request, acknowledge receipt and request clarification, or deny the request. (RCW 42.56.520.)

If an agency refuses, in whole or in part, inspection of any public record, the response "shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld." (RCW 42.56.210(3).)

Any claimed exemptions shall be "narrowly construed" to "assure that the public interest will be fully protected." (RCW 42.56.030.)

If an agency denies a request claiming an exemption to production of public records, the agency bears the burden of proving that the documents fall within the scope of the exemption:

> The burden of proof shall be on the agency to establish that refusal to permit public inspection and copying is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records.

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                                    5

(RCW 42.56.550(1).)

Ballot public records are statutorily de-identified:

> No record may be created or maintained by a state or local governmental agency or a political organization that identifies a voter with the information marked on the voter's ballot . . . .

(RCW 29A.08.161.)

The Legislature has delineated the personal information exempt from public inspection and copying; the statute addresses privacy concerns related to underage voters under the election Chapter 29A, and does not exempt cast ballots from public inspection:

> The following personal information is exempt from public inspection and copying under this chapter:
>
> * * *
>
> (10) Until the person reaches eighteen years of age, information, otherwise disclosable under chapter 29A.08 RCW, that relates to a future voter, except for the purpose of processing and delivering ballots . . . .

(RCW 42.56.230, 42.56.230(10).)

No claimed exemption may be construed to permit the nondisclosure of statistical information not descriptive of any readily identifiable person or persons. (RCW 42.56.210(1).)

Exemptions are "inapplicable to the extent that information, the disclosure of which would violate personal privacy or vital governmental interests, can be deleted from the specific records sought." (RCW 42.56.210(1).)

"Each agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of subsection (8) of this section, this chapter, or other statute which exempts or prohibits disclosure of specific information or records." (RCW 42.56.070(1).)

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                          6

A person's "right to privacy," "right of privacy," "privacy," or "personal privacy," as those terms are used in Chapter 42.56, is invaded or violated only if the disclosure contains "information about the person". (RCW 42.56.050.)

RCW 29A.60.110 (sealing and opening of ballot containers), WAC 434-261-045 (secure storage of voted ballots and related electronic data), and WAC 434-250-110 (processing ballots) are anti-tampering statutes/code and do not exempt cast ballots from inspection or copying.

RCW 29A.60.185 (audits required by county auditor prior to certification) does not preclude inspection of cast ballot public records.

Chapter 42.56 does not permit a public record to be deemed "exempt" from inspection based on the manner in which it is stored. (RCW 42.56; RCW 42.56.010; RCW 42.56.210-540.)

To the extent RCW 29A conflicts with any provision of RCW 42.56, the provisions of RCW 42.56 "shall govern". (RCW 42.56.030; RCW 42.56.210.)

The public policy behind allowing public inspection of public records is so strong that prevailing parties are entitled to attorney fees and sanctions: "Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record . . . shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record." (RCW 42.56.550(4).)

2)  Defendants Have Denied Public Inspection of Original Ballots, Ballot Images,

Spoiled Ballots and Returned Ballots

On December 8, 2021, Defendants acknowledged the public records requested by WEiCU, but denied inspection or copying of [a] original ballots, [b] ballot images, [c] spoiled ballots, and [f] returned ballots in WEiCU's PRR as exempt pursuant to RCW 42.56.070(1) citing *White v. Clark County*, 188 Wn.App. 622 (2015), *White v. Clark County*, 199 Wn.App. 929 (2017), *White v. Skagit County*, 188 Wn.App. 886 (2015), RCW 29A.60.110, RCW 29A.60.125, WAC 434-261-045, and Article VI, §6 of the Washington State Constitution.  (Borrelli Decl., Exh. A.)

Defendants have not cited a statute that "exempts or prohibits disclosure of [the] specific information or records" of categories [a], [b], [c], and/or [f] as required by RCW 42.56.070(1).

3)  Inapposite Case Opinion Does Not Constitute an 'Other Statute' Exemption.

Defendants may not rely on *White v. Clark County*, 188 Wn.App. 622 (2015), *White v. Clark County*, 199 Wn.App. 929 (2017), or *White v. Skagit County*, 188 Wn.App. 886 (2015) ("*White* Opinions"), as: 1) review of agency decisions is *de novo* (RCW 42.56.550(3)); 2) case opinions are not an 'other statute' exemption as required by the plain language of RCW 42.56.070(1); and, 3) the *White* Opinions did not involve allegations of election irregularities, as is the case here.

The courts in the *White* Opinions found RCW 29A.60.110 to be an 'other statute' exemption to inspection of ballot public records based on concerns relating to ballot secrecy and voter identity.  However, nothing in RCW 29A.60.110 exempts cast ballot inspection, as that statute provides for circumstances in which ballots ARE subject to inspection, including by

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                                   8

superior court order in an election dispute, as is the case here. (*See*, Verified Complaint for Equal Protection, etc.; Causes of Action IV-XIII incorporated herein by reference, and specifically incorporated by reference in WEiCU's PRA Cause of action at ¶ 41.)

RCW 29A.60.110 specifically *allows* for superior court orders unsealing ballot containers in circumstances of an election dispute. The *White* Opinions did not involve allegations of election irregularities, and are, as such, inapposite.

The *White* Opinions also failed to take into account or otherwise address RCW 29A.08.161. By law, ballots cast in Washington State are de-identified and do not tie to any particular voter.  (RCW 29A.08.161.) Under basic rules of statutory construction, where legislation and case law conflict, legislation takes precedence.

4)    Anti-tampering laws and code do not constitute 'other statute' exemptions.

Anti-tampering statutes and related code are intended to protect ballot integrity during the course of elections and disputes following an election. (RCW 29A.60.110, RCW 29A.60.125, WAC 434-261-045.)

Respondent cannot use anti-tampering laws and administrative code intended to *protect* election integrity for the opposite purpose of *preventing* election integrity. The Legislature has specifically exempted certain election-related information from public disclosure (RCW 42.56.230(10)), but has not exempted categories [a], [b], [c], or [f].

5)    Article VI §6 of the Constitution does not Exempt Cast Ballots from Public
      Inspection

Defendants' reliance on Article VI, § 6 of the State Constitution is also misplaced. Article VI, § 6 requires that the legislature "shall provide for such method of voting as will

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                              9

secure to every elector absolute secrecy in preparing and depositing his ballot." Article VI, § 6 is consistent with RCW 29A.08.161, as cast ballots are de-identified by law, thereby guaranteeing secrecy of the vote.

Article VI, § 6 in no way prohibits public inspection of cast ballots which is essential to confirming "free and equal" elections guaranteed under Article I §19 of the State Constitution.

6)    Courts May Not Create Exemptions to Avoid the Public Records Act

To the extent Defendants ask this Court to create exemptions to support the PRR denials, WEiCU urges this Court to decline the request since such creativity is not authorized by the Public Records Act.

Our votes are secret; our cast ballots are not. During the days of polling places, it was the voter who took his/her ballot from the booth to the Optiscan machine and fed it in. Each individual handled his/her own ballot exclusively. Nowadays, the moment we place our ballot in the mail or drop box, we necessarily waive any security and privacy rights that we might have in order for the ballot to be tabulated to reach a consensus. This is why the Legislature requires that the cast ballots be de-identified and that NO record may be maintained that identifies a voter with the information marked on the voter's cast ballot. Respondent may not rely on case opinion or anti-tampering laws to avoid the dictates of the Public Records Act and, in effect, seek to *prevent* election integrity.

/ / /

/ / /

/ / /

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                              10

E.    Defendant Garth Fell Is a Proper Party to the PRA Cause of Action and Was Properly Served

As an afterthought, Defendants seek dismissal of Cause of Action XIII as against the Auditor. However, a cursory review of the Verified Complaint will show that WEiCU brought Cause of Action XIII on multiple statutory grounds, and that the Auditor is a proper defendant:

### XIII. PUBLIC RECORDS ACTION

### RCW 29A.68.013(1) and/or (2); RCW 42.56.030; RCW 42.56.550; RCW 29A.60.110

### (Plaintiff WEiCU v. Auditor and County)

41.    Plaintiffs incorporate the allegations of paragraphs 1 through 40 above, as though fully set forth herein.

(Verified Complaint, Section XIII [bolded in the original]; ¶ 41.)

The Auditor, as an election official, is a proper named party to Cause of Action XIII on several grounds. First, RCW 29A.68.013 permits actions against election officials for wrongful acts or neglect of duty. To date, the Auditor has failed and refused to provide WEiCU with the public records requested asserting what appears to be 'secrecy' requirements under Case Opinions knowing full well that the ballots are completely de-identified as required by state law. (RCW 29A.08.161.)

Second, the Auditor is the election officer legally tasked with retaining election records subject to retention schedules. (*See, e.g*., (52 U.S.C. §20701 ["Retention and preservation of records and papers <u>by officers of elections</u>" (emphasis added)].)

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                    11

Third, the Auditor, as the election official in charge, appears to be a necessary party to an action under RCW 29A.60.110 involving unsealing of election related documents. Defendants have not cited authority to the contrary.

As a final ground for summary judgment, Defendants re-assert service of the summons and complaint on the Snohomish County Auditor on September 16, 2021 was legally insufficient because Plaintiffs personally served copies of the summons and complaint in this action on "deputy Auditor, "Tonya M." (*See* Defendants' pending FRCP 12(b) Motion, p. 4, ll. 10-7; Defendants' FRCP 56 Motion, p. 22. ll. 7-12.)  As the Public Records Action and related state law statutory claims are against Auditor Fell in his official capacity as the elected Auditor for Snohomish County, personal service of the deputy Auditor at the Snohomish County Auditor's Office was legally sufficient under state law. (RCW 4.28.080(1).)

## CONCLUSION

WEiCU respectfully requests that this action be remanded to Snohomish County Superior Court; alternatively, that this motion be stricken and denied as premature, in conflict with other pending motions on this Court's docket, as raising factual issues, and/or lacking in legal basis.

Respectfully submitted,

VIRGINIA P. SHOGREN, P.C.

Dated: January 10, 2022

_____

By: Virginia P. Shogren, Esq.
WSBA No. 33939
961 W. Oak Court
Sequim, WA 98382
360-461-5551
WEiCUattorney@protonmail.com
Attorney for Plaintiff WEiCU

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                    12

CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022, I electronically filed the following with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

PLAINTIFF WASHINGTON ELECTION INTEGRITY COALITION UNITED'S OPPOSITION TO SNOHOMISH COUNTY DEFENDANTS' FRCP 56 MOTION TO DISMISS

DECLARATION OF TAMBORINE BORRELLI IN SUPPORT OF PLAINTIFF WASHINGTON ELECTION INTEGRITY COALITION UNITED'S OPPOSITION TO SNOHOMISH COUNTY DEFENDANTS' FRCP 56 MOTION TO DISMISS

Lyndsey Marie Downs
Deborah A. Severson
Alex Witenberg
(Counsel for Defendants)

Kevin Hamilton
Reina Almon-Griffin
Amanda Beane
(Counsel for Proposed Intervenor)

And I hereby certify that I caused to be served the document via email provided by the following parties who are non CM/ECF participants:

Arthur Coday, Jr.
Plaintiff, *Pro Se*

Thomas J. Prettyman
Plaintiff, *Pro Se*

Diane DeJong
Plaintiff, *Pro Se*

Rita Beitz
Plaintiff, *Pro Se*
Diana Barker
Plaintiff, *Pro Se*

Roy Fuller
Plaintiff, *Pro Se*

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                    13

Mary Lou Burns
Plaintiff, *Pro Se*

Bob Kaldor
Plaintiff, *Pro Se*

Jane Maclin
Plaintiff, *Pro Se*

James Maclin
Plaintiff, *Pro Se*

Randy Tendering
Plaintiff, *Pro Se*

John Beitz
Plaintiff, *Pro Se*

Melissa Eller
Plaintiff, *Pro Se*

Susan Mischel
Plaintiff, *Pro Se*

Lisa Cummings
Plaintiff, *Pro Se*

Amber Fithian
Plaintiff, *Pro Se*

Jamie Renninger
Plaintiff, *Pro Se*

Diane Mackay
Plaintiff, *Pro Se*

Jeremy Johnson
Plaintiff, *Pro Se*

Andrew Marrone
Plaintiff, *Pro Se*

Katie Perasso
Plaintiff, *Pro Se*

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                    14

Carl Wedekind
Plaintiff, *Pro Se*

Annette Blandino
Plaintiff, *Pro Se*

Luke Determan
Plaintiff, *Pro Se*

Terry O'Connell
Plaintiff, *Pro Se*

William Cook
Plaintiff, *Pro Se*

Joshua A. DeJong
Plaintiff, *Pro Se*

Katie Sheffield
Plaintiff, *Pro Se*

Karol Jones
Plaintiff, *Pro Se*

James Mischel
Plaintiff, *Pro Se*

Greg Burton
Plaintiff, *Pro Se*

Brenda Jean Smith
Plaintiff, *Pro Se*

Brendon William Ruppel
Plaintiff, *Pro Se*

Kristy Welles
Plaintiff, *Pro Se*

Lonny Bartholomew
Plaintiff, *Pro Se*

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                    15

Russell Ostlund
Plaintiff, *Pro Se*

Dated: January 10, 2022                    *s/ Virginia P. Shogren*
                                           Virginia P. Shogren
                                           Virginia P. Shogren, P.C.
                                           961 W. Oak Court
                                           Sequim, WA 98382
                                           360-461-5551

PLAINTIFF WEICU'S OPPOSITION TO
SNOHOMISH COUNTY DEFENDANTS' FRCP 56
MOTION TO DISMISS                    16