*Honorable Lauren King*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
IN SEATTLE

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALTION UNITED, a Washington State Nonprofit Corporation, et al.,<br><br>                  Plaintiffs,<br><br>vs.<br><br>GARTH FELL, Snohomish County Auditor, et al.,<br><br>                  Defendants. | No. C21-1354-LK<br><br>SNOHOMISH COUNTY DEFENDANTS' REPLY IN SUPPORT OF ITS FRCP 56 MOTION TO DISMISS<br><br>**NOTE ON MOTION DOCKET:**<br>**Friday, January 14, 2022** |

## I.    <u>INTRODUCTION</u>

Plaintiff, WEiCU, does not dispute that the County never received its public records request in August 2021. Rather, WEiCU's response focuses primarily on the jurisdiction of this Court and its general disagreement with *White v. Skagit County*, 188 Wash. App. 886, 355 P.3d 1178 (2015), and related *White* cases, which hold that ballots are exempt from disclosure under Washington's Public Records Act ("PRA"). None of WEiCU's disagreements rebut Defendants' arguments or raise genuine issues of material fact, and Defendants' motion must be granted.

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF ITS FRCP 56 MOTION TO DISMISS - 1
(C21-1354-LK)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

## II. ARGUMENT IN REPLY

### I. This Court Has Jurisdiction to Decide Defendants' FRCP 56 Motion to Dismiss.

In response to Defendants' motion to dismiss, Plaintiff, WEiCU, challenges this Court's jurisdiction by repeating arguments it raised in its Motion for Remand.[1] *See* Dkt. 19. In short, WEiCU asserts that this Court has no jurisdiction over WEiCU's public records claim because that claim arises from state law. This assertion has no merit.

As noted in Defendants' response to the Motion to Remand, the Court's supplemental jurisdiction over state law claims is appropriate in this case. *See* Dkt. 22. In determining whether supplemental jurisdiction should apply, the Court looks to whether state law claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. §1367(a); *see United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct 1130, 16 L.Ed.2d 218 (1966). A Court has supplemental jurisdiction over any accompanying state law claim when it is part of the same case or controversy as the federal claim that provides the basis for removal.

In this case, WEiCU's PRA claim arises out of the same case or controversy as the federal claims alleged in the Complaint. WEiCU admits that its public records claim "incorporates the allegations of paragraphs 1-40," detailing purported allegations of wrongdoing. Dkt. 1-2, at 11. Those incorporated claims are based, in part, on federal law. For example, paragraph 31 alleges that as a result of Defendants' alleged wrongdoing, "Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States

---

[1] The Public Records Act claim in this case was brought solely by WEiCU. Pursuant to Local Civil Rule 7(b)(2), this Court should treat the individual pro se Plaintiffs' failure to respond as a concession that they do not oppose Defendant's FRCP 56 Motion to Dismiss.

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF ITS FRCP 56 MOTION TO DISMISS - 2
(C21-1354-LK)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

Constitution, and amendments, will be further violated. *Id.,* at 9. Furthermore, the Plaintiffs claim the public records request is necessary "to prove (or disprove) the allegations" in the Complaint. *Id.,* at 12. WEiCU's PRA claim is inextricably intertwined with the federal claims in this action.

This Court's supplemental jurisdiction over WEiCU's public records claim is supported by well-established, long standing, precedent. WEiCU's argument to the contrary is without merit.

II. <u>It is Undisputed That The County Did Not Receive A Public Records Request From WEiCU in August 2021.</u>

Plaintiff does not dispute that the County never received a records request from WEiCU in August 2021, as alleged in the Complaint. *See Heinemann v. Satterberg,* 731 F.3d 914, 917 (9th Cir.2013) (quoting Fed. R. Civ. P. 56(e)(2)) (An "opposing party's failure to respond to a fact asserted in the motion permits a court to 'consider the fact undisputed for the purposes of the motion.'"). WEiCU also does not dispute that it failed to send its request to the County's Public Records Officer. *See Parmelee v. Clark*, 148 Wash. App 748, 201 P.3d 1022 (2008), *rev. denied*, 166 Wash.2d 1017, 210 P.3d 1019 (2009) (Dismissing a PRA complaint where the requestor failed to send the records request to the designated public disclosure coordinator.) These facts are dispositive and require dismissal.

Under the PRA, an agency's duty to respond is triggered by the *receipt* of a PRA request. *Wood v. Lowe*, 102 Wash. App. 872, 876–77, 10 P.3d 494 (1997) ("[T]he P[R]A 'only applies when public records have been requested. In other words, public disclosure is not necessary until and unless there has been a specific request for records.'"); *Beal v. City of Seattle*, 150 Wash. App. 865, 872, n.9, 209 P.3d 872 (2009) (citing RCW 42.56.080); *Bonamy v. City of Seattle*, 92

SNOHOMISH COUNTY DEFENDANTS' REPLY IN SUPPORT OF ITS FRCP 56 MOTION TO DISMISS - 3
(C21-1354-LK)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

Wash. App. 403, 409, 960 P.2d 447 (1998). Because it is undisputed that the County did not receive WEiCU's request in August 2021, WEiCU's PRA claim must be dismissed.[2]

### III. Under Washington Law, Ballots Are Not Subject to Public Disclosure.

Rather than address the fact that the County did not receive a records request in August 2021, WEiCU instead argues that whether the County received its PRA request is moot because once the County obtained a copy of the request during the course of this litigation, it began processing it, and subsequently denied the portion related to ballots. WEiCU now claims that the County "failed to cite a statutory exemption for the requested records" when it notified WEiCU of the denial. Dkt. 34, at 3-4; *see* Dkt. 35. Plaintiff's arguments are without merit.[3]

Ballots are categorically exempt from public disclosure under Washington law and WEiCU was properly notified of the exemption. *White v. Clark County*, 188 Wash. App. 622, 627, 354 P.3d 38 (2015), *review denied*, 185 Wash.2d 1009 (2016) (*White I*) ("We hold that [Article VI, section 6 of the Washington Constitution, various sections of Title 29A RCW, and secretary of state regulations] together constitute an 'other statute' exemption to the PRA under RCW 42.56.070(1)" exempting pre-tabulated ballot images.); *White v. Skagit County*, 188 Wash. App. 886, 898, 355 P.3d 1178 (2015) (*White II*) ("We conclude that in Washington, all 'ballots,' including copies, are exempt from production under the Public Records Act by Title 29A RCW—an 'other statute.'"); *White v. Clark County*, 199 Wash. App. 929, 939, 401 P.3d 375, 378 (2017),

---

[2] Alternatively, because it is undisputed that WEiCU failed to send its request to an individual designated by the County to receive public records requests, WEiCU's PRA claim must be dismissed. *See* Dkt. 26, at 13-15.

[3] Pursuant to Rules of Evidence 201, the Court may take judicial notice that Plaintiff, WEiCU, has made similar flawed arguments in multiple similar lawsuits filed in federal and state court. *See WEICU v. Anderson,* USDC 3:21-cv-05726-LK, Dkt. 42; *WEICU v. Wise,* 2:21-cv-01394-LK , Dkt. 29; *WEICU v. Kimsey,* 3:21-cv-05746-LK, Dkt. 29. The Franklin County Superior Court dismissed Plaintiffs claims in *WEICU v. Beaton. See* Franklin County Superior Court Cause number 21-2-50572-11, Order Granting Motion to Dismiss filed 12/13/2021.

SNOHOMISH COUNTY DEFENDANTS' REPLY IN SUPPORT OF ITS FRCP 56 MOTION TO DISMISS  - 4
(C21-1354-LK)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

*review denied*, 189 Wash.2d 1031 (2018) (*White III*) ("RCW 29A.60.110 and WAC 434-261-045 provide categorical exemptions, not conditional ones" so "ballots are exempt from production without qualification.")

Regardless of whether the County received WEiCU's request in August or processed it once received during litigation, the County properly denied WEiCU access to ballots. When it denied WEiCU's request, the County explained that:

> Collectively, [Wash. Const. Art. VI, Sec. 6; RCW 29A.60.110; and WAC 434-261-045 (authorized by RCW 29A.04.611)] exempt ballots and ballot images from disclosure under the PRA. Furthermore, Washington courts have consistently held that ballots and ballots images are exempt from production under the PRA. See White v. Clark County, 188 Wn. App. 622, 354 P.3d 38 (2015) (pre-tabulated ballots are exempt from disclosure under the PRA); White v. Skagit County, 188 Wn. App. 886, 355 P.3d 1178 (2015) (same); White v. Clark County, 199 Wn. App. 929, 401 P.3d 375 (2017) ("We hold that RCW 29A.60.110 constitutes an express 'other statute' exemption for tabulated ballots.") Accordingly, Snohomish County is denying the portion of your request that seeks ballots and ballot images.

Dkt 35.

The County's explanation complies with RCW 42.56.210(3) by providing "the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld.'" *City of Lakewood v. Koenig,* 182 Wash.2d 87, 94, 343 P.3d 335 (2014).

In its response, WEiCU invites the Court to ignore the *White* cases because "1) review of agency decisions is *de novo* (42.56.550(3)); 2) case opinions are not an 'other statute' exemption … and 3) the *White* Opinions did not involve allegations of election irregularities … ." Dkt. 34. None of WEiCU's asserted bases provide justification to disregard clear precedent or require the County to provide ballot images to WEiCU.

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF ITS FRCP 56 MOTION TO DISMISS - 5
(C21-1354-LK)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

A Court reviews agency action under the PRA *de novo*. RCW 42.56.550(3). *De novo* review does not mean, as advanced by WEiCU, that the Court may reject prior decisions, such as *White I, II* and *III*, holding that ballots are exempt from production under the PRA. Instead, *de novo* review means that the "court does not give deference to the agency's decisions." *Wash. State Bar Ass'n, Public Records Act Deskbook: Washington's Public Disclosure And Open Public Meetings Laws* § 16.3(2) at 16-8(2014).

WEiCU's further arguments are similarly flawed. Regardless of whether WEiCU agrees with the *White* decision, the precedent is clear that ballots are exempt in response to public records requests and Defendants are under no obligation to turn over redacted or unredacted ballots to WEiCU following receipt of its request.

WEiCU further argues that ballots are de-identified consistent with RCW 29A.08.161 and therefore disclosure does not present a ballot secrecy concern. WEiCU's argument was rejected in *White II*. There the Court found that the release of ballots, even after being separated from the security envelopes that contains voter identification, may implicate voter privacy because the release still "would risk revealing the identity of individual voters" since "voters sometimes place identifying marks on ballots contrary to voting instructions, for example by signing their names when making corrections or by writing comments about their intent," as well as because "where there is low turnout in a small precinct, even a ballot devoid of identifying marks can be tied back to a voter by comparing it with voters credited with returning ballots on particular dates." *White II*, 188 Wash. App. 895.

Instead of supporting its claim, RCW 29A.08.161 undermines WEiCU's argument. RCW 29A.08.161 confirms the legislative intent that ballots must be kept secret by prohibiting

SNOHOMISH COUNTY DEFENDANTS' REPLY IN SUPPORT OF ITS FRCP 56 MOTION TO DISMISS - 6 (C21-1354-LK)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

government bodies from linking a voter to ballot information. *See White v. Wyman*, 4 Wash. App. 1071, 2018 WL 3738404, at *5 (Wash. Ct. App. Aug. 6, 2018)[4] (unpublished op.).

IV. <u>The Auditor Is Not A Proper Party.</u>

WEICU does not refute that Auditor Garth Fell is not an "agency," and therefore not subject to suit under the PRA. *See* RCW 42.56.010(1), (3); RCW 42.56.520; RCW 42.56.550. WEiCU's claim PRA claim against the Auditor must be dismissed.

In an attempt to salvage its case against the Auditor, WEiCU raises other supposed grounds, outside of the PRA, for suing Auditor Fell. Each of WEiCU's alternative grounds are baseless. WEICU's asserts that "RCW 29A.68.013 permits actions against election officials for wrongful acts or neglect of duty," and that the Auditor somehow is "a necessary party to an action under RCW 29A.60.110," Dkt. 34 at 11-12. These claims are either (1) not pled in the Complaint or (2) rooted in elections allegations which WEiCU lacks standing to assert. WEiCU's claims against Auditor Fell must be dismissed.

//
//
//
//
//
//
//
//
//

---

[4] *White v. Wyman* is unpublished, and therefore "may be cited as non-binding authorit[y]" and "may be accorded such persuasive value as the court deems appropriate." Washington State Court General Rules GR. 14.1(a).

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF ITS FRCP 56 MOTION TO DISMISS - 7
(C21-1354-LK)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

## V. **CONCLUSION**

Accordingly, WEiCU's claim brought under the PRA must be dismissed.

DATED this 14th day of January, 2022.

        ADAM CORNELL
        Snohomish County Prosecuting Attorney

        By:   */s/ Lyndsey M. Downs*
        LYNDSEY M. DOWNS, WSBA #37453
        DEBORAH A. SEVERSON, WSBA #35603
        ALEX J. WITENBERG, WSBA #50356
        Deputy Prosecuting Attorneys
        Snohomish County Prosecuting Attorney, Civil Division
        3000 Rockefeller Avenue, M/S 504
        Everett, WA 98201
        Ph: (425) 388-6330 / Fax: (425) 388-6333
        Lyndsey.downs@co.snohomish.wa.us
        Deborah.severson@co.snohomish.wa.us
        Alex.witenberg@co.snohomish.wa.us
        *Attorneys for Defendants Snohomish County and Garth Fell*

SNOHOMISH COUNTY DEFENDANTS' REPLY IN SUPPORT OF ITS FRCP 56 MOTION TO DISMISS - 8
(C21-1354-LK)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

# DECLARATION OF SERVICE

I declare that I am an employee of the Civil Division of the Snohomish County Prosecuting Attorney, and that, on this 14th day of January, 2022, I caused to be delivered the following documents:

Snohomish County Defendants' Reply in Support of Its FRCP 56 Motion to Dismiss on the following party via the Court's CM/ECF portal at the address indicated:

| | |
|---|---|
| Virginia P. Shogren<br>Virginia P. Shogren, P.C.<br>961 W. Oak Court<br>Sequim, WA 98382<br>WEiCUattorney@protonmail.com<br>vshogren@gmail.com<br>*Attorney for Plaintiff Washington Election Integrity Coalition United* | ☒ ***E-Served via CM/ECF:***<br>☐ Emailed:<br>☐ Facsimile:<br>☐ U.S. Mail, 1st Class<br>☐ Hand Delivery<br>☐ Messenger Service |
| Kevin J. Hamilton<br>Amanda J. Beane<br>Nitika Arora<br>Reina A. Almon-Griffin<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>khamilton@perkinscoie.com<br>abeane@perkinscoie.com<br>narora@perkinscoie.com<br>ralmon-griffin@perkinscoie.com<br>*Attorneys for Intervenor Washington State Democratic Central Committee* | ☒ ***E-Served via CM/ECF:***<br>☐ Emailed:<br>☐ Facsimile:<br>☐ U.S. Mail, 1st Class<br>☐ Hand Delivery<br>☐ Messenger Service |

//

//

//

//

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF ITS FRCP 56 MOTION TO DISMISS - 9
(C21-1354-LK)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

I further declare that on this 14th day of January, 2022, I caused to be delivered the above-listed documents on the following Pro Se Plaintiffs by **First Class Postage Prepaid Mail** at the addresses indicated:

| | | |
|---|---|---|
| Russell Ostlund<br>6914 – 61st Drive NE<br>Marysville, WA 98270 | Kristy Welles<br>4811-180th St. SW, #D207<br>Lynnwood, WA 98037 | Arthur Coday, Jr.<br>P.O. Box 1786<br>Woodinville, WA 98072 |
| Joshua A. DeJong<br>11250 – 31st Place NE<br>Lake Stevens, WA 98258 | Lonny Bartholomew<br>12015 Marine Drive, #158<br>Tulalip, WA 98271 | Diane DeJong<br>11250 – 31st Place NE<br>Lake Stevens, WA 98258 |
| Rita Beitz<br>515 – 172nd Street NE<br>Arlington, WA 98223 | Brenda Jean Smith<br>23402 Woods Creek Road<br>Snohomish, WA 98290 | John Beitz<br>515 – 172nd Street NE<br>Arlington, WA 98223 |
| Roy Fuller<br>5807 - 64th Street SE<br>Snohomish, WA 98290 | Brendon William Ruppel<br>23402 Woods Creek Road<br>Snohomish, WA 98290 | Mary Lou Burns<br>16011 – 95th Avenue SE<br>Snohomish, WA 98296 |
| James Maclin<br>5817 Silvana Terrace Rd.<br>Stanwood, WA 98292 | Katie Sheffield<br>20119 – 118th Street SE<br>Snohomish, WA 98290 | June Maclin<br>5817 Silvana Terrace Rd.<br>Stanwood, WA 98292 |
| Lisa Cummings<br>1623 Meadow Place<br>Snohomish, WA 98290 | Thomas J. Prettyman<br>16710 – 58th Avenue NW<br>Stanwood, WA 98292 | Randy Tendering<br>212 W. Jensen Street<br>Arlington, WA 98223 |
| Bob Kaldor<br>10907 – 23rd Drive SE<br>Everett, WA 98208 | Karol Jones<br>6203 Marine Drive<br>Tulalip, WA 98271 | Melissa Eller<br>18221 – 114th Drive NE<br>Arlington, WA 98223 |
| Susan Mischel<br>16605 W.Lake Goodwin Rd.<br>Stanwood, WA 98292 | Greg Burton<br>12123 – 52nd Avenue NE<br>Marysville, WA 98271 | James Mischel<br>16605 W.Lake Goodwin Rd.<br>Stanwood, WA 98292 |
| Amber Fithian<br>13027 – 12th Avenue NW<br>Marysville, WA 98271 | William Cook<br>820 Cady Road, #D101<br>Everett, WA 98203 | Jamie Renninger<br>19505 Grannis Road<br>Bothell, WA 98012 |
| Diane Mackay<br>9825 – 18th Ave. West, #C3<br>Everett, WA 98204 | Annette Blandino<br>16823 – 123rd Place NE<br>Arlington, WA 98223 | Jeremy Johnson<br>432 – 203rd Street SW<br>Lynnwood, WA 98036 |

SNOHOMISH COUNTY DEFENDANTS' REPLY IN
SUPPORT OF ITS FRCP 56 MOTION TO DISMISS - 10
(C21-1354-LK)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

| | | |
|---|---|---|
| Andrew Marrone<br>5709 – 137th Place SE<br>Everett, WA  98053 | Luke Determan<br>6620 – 191st Street SW<br>Lynnwood, WA  98036 | Katie Perasso<br>3402 – 103rd Avenue SE<br>Lake Stevens, WA  98258 |
| Carl Wedekind<br>18309 E. Country Club Dr.<br>Arlington, WA  98223 | Diane Barker<br>17409 Redhawk Drive<br>Arlington, WA  98223 | Terry O'Connell<br>9711 – 52nd Avenue NE<br>Marysville, WA  98270 |

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 14th day of January, 2022.

*/s/ Cynthia L. Ryden*
Cindy Ryden, Legal Assistant

SNOHOMISH COUNTY DEFENDANTS' REPLY IN SUPPORT OF ITS FRCP 56 MOTION TO DISMISS  - 11
(C21-1354-LK)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333